## W. W. SLOCUM, Appellant, v. C. R. BROWN *et al.*

**Sales:** EQUITABLE LIENS: *Innocent purchaser.* A purchaser of real estate is not bound by an oral agreement between the seller and a third party creating an equitable lien on the property, unless his knowledge of the agreement is shown.

**Depositions in Shorthand.** Code, 1873, section 3735, providing that when depositions are taken in shorthand the writer shall be duly sworn to take the same correctly, and to make correct extension thereof into longhand, and that the notes shall be signed by the witness after being read over to him, and be filed with the extension, does not require that the translation of the notes be signed or sworn to by the witness; nor is any agreement essential to the taking, if no objection is made to taking them in shorthand.

SUPPRESSION.   That the attorney for plaintiff was unable to reach the place where depositions were taken, by rail, at the time fixed for the taking, after the time he started, is not a ground for excluding the depositions, where he might have reached the place in time by starting earlier or by a private conveyance.

CROSS-EXAMINATION.   Witnesses whose depositions have been taken will not be required to appear on the trial for cross-examination because the attorney for the opposite party was not present at the time the depositions were taken, where there was not sufficient excuse for his failure to be present.

**Trial:** ASSIGNMENT OF CAUSES.   The trial court is not required to assign the different causes for trial on particular days under a rule of court providing that on the first day of the term or as soon thereafter as practicable, the court "may" make an assignment of the trial causes which shall fix the day of the term on which each cause shall be tried, and the court has a discretion in the matter which will not be interfered with unless abuse of it is shown.

*Appeal from Fayette District Court.*—HON. L. E. FEL-
LOWS, Judge.

SATURDAY, APRIL 9, 1898.

. ACTION in equity to recover an amount alleged to
be due on a promissory note, and to have established
and foreclosed an equitable mortgage on land. There
was a hearing on the merits, which resulted in the
dismissing of the plaintiff's petition, and the plaintiff
appeals.—*Affirmed.*

*H. E. Long* for appellant.

*G. H. Phillips, Ainsworth & Ainsworth* and *Wm. E.
Fuller* for appellees.

ROBINSON, J.—The promissory note upon which
plaintiff's demand for relief is based was given to the
plaintiff by one John Thorman on the first day of Janu-
ary, 1894. At that time Thorman was the owner of
several hundred acres of land in Fayette county, and
agreed orally to give a mortgage upon that land to
secure the note, but failed to do so. On the first day of
March, 1894, he conveyed the land by warranty deed to
C. R. Brown. This action was commenced in August
of the same year to recover the amount due on the note,
and to enforce the verbal agreement of Thorman as an
equitable mortgage of the land. Thorman and Brown
were made parties defendant and filed separate answers.
The cause was afterwards dismissed as against Thor-
man, and he then filed a petition of intervention. Brown
denies that he had any knowledge of an agreement to
mortgage the land when he purchased it, and denies
that such an agreement was made. Thorman bases his
right to intervene upon the covenants of his deed to

Brown, and alleges that the larger part of the note in suit was given for usurious interest.

I.    The appellant has filed an assignment of errors, and we will first notice questions which they present. The defendant and the intervener served upon the plaintiff notice that their depositions would be taken at West Union on the eleventh day of May, 1896, at nine o'clock in the forenoon.    In response to that notice, Mr. Long, the attorney for the plaintiff, left Des Moines, his place of residence, on the tenth day of May, and arrived at Oelwein during the following night.    He then found that the first train for West Union did not leave Oelwein until about eleven o'clock, and at nine o'clock he had communication by telephone with L. L. Ainsworth, one of the attorneys for the defense, and, after stating that he would be in West Union at noon, to be present at the taking of the depositions, for the purpose of cross-examination, he requested that the proceedings to take them be delayed until that time.    Mr. Ainsworth refused to wait, and stated that he should at once proceed to take the testimony of the witnesses, and that was done.    When Mr. Long reached West Union at noon, the depositions had been taken and the witnesses had returned to their homes.    The depositions were taken in shorthand, and the shorthand notes only were signed by the witnesses, but a translation of the notes was made, and used as their testimony.    In due time the plaintiff moved to suppress the depositions on the ground that they were not signed by the witnesses, and no agreement had been made to take the depositions in shorthand, nor to translate the shorthand notes.    The motion also asked that, in case the depositions were not suppressed, the witnesses should be required to appear in court for cross-examination. The motion was overruled.    Section 3735 of the Code of 1873 refers to the taking of depositions, and, as amended

by chapter 94 of the Acts of the Twenty-fifth General Assembly, contains the following: "The person before whom any of the depositions above contemplated are taken, must cause the interrogatories propounded, whether written or oral, to be written out, and the answers thereto to be inserted immediately underneath the respective questions.  *  *  *  The whole being read over by or to the witness must be by him subscribed and sworn to in the usual manner. Provided that when the examination is taken in shorthand, the writer shall be duly sworn to take the same correctly and truly, and to make correct extension thereof into longhand, typewriting or print, and the extension so made and duly certified by the person before whom the depositions are taken shall be received as the depositions. When depositions are taken in shorthand the notes shall be signed by the witnesses after being read over to them, and shall be filed with the extension." The requirements of this statute appear to have been fully met. It did not require that the translation should be signed and sworn to by the witnesses, but it was sufficient if the notes were signed and sworn to by the witnesses. Nor was any agreement essential to the taking of the depositions in shorthand. No objection to that method of taking them was made at the time they were taken, and, if they were properly taken, the objection could not have been made afterwards. The appellant failed to show a sufficient excuse for his failure to be represented at the taking of the depositions. It is shown that his attorney could not have reached West Union by train earlier than he did after starting, but no reason for his failure to start earlier, or to go from Oelwein by private conveyance, is shown; nor does it appear that the plaintiff was prejudiced by his failure to cross-examine the witnesses; nor was there any sufficient reason for the court

to order the witnesses to appear for cross-examination. The motion was not well founded, and was properly overruled. *Scharfenburg v. Bishop,* 35 Iowa, 60. The case of *Baldwin v. Railway Co.,* 68 Iowa, 37, cited by appellant, did not involve the taking of depositions under the statute we have considered, and is not in point.

II.   The plaintiff asked the court by letter to fix a day for trial of the cause, but the request was refused. It is made to appear that it was not the practice of the court to assign a cause for a day specified except upon the application of the parties made in court, and with the consent of all the members of the bar. The cause was called for trial when it was reached in its regular order. The appellant contends that it was the duty of the court, under rule 3 of the rules adopted by the convention of district judges held January 5, 1887, to make an assignment of the cause. The rule designated provides that: "On the first day of the term, or as soon thereafter as practicable, the court may make an assignment of the trial causes, which assignment shall fix the day of the term on which each cause shall be tried, and parties will be required to conform to this order of trial. Further assignments may be made by the court as often as the progress of the business of the term shall render the same necessary." This does not require the court to make assignments, and whether it will do so or not is within its discretion, to be exercised with reference to the business before the court, the time which may be given to the business, and the convenience of all persons interested in the court proceedings. There is no showing of an abuse of discretion, and the court did not err in refusing to fix the date for the trial of the cause before it was reached in its order.

III. There is little or no conflict in the evidence with respect to the knowledge of the agreement of Thorman to give a mortgage, which Brown had when he purchased the land in controversy. The defendant Brown was a purchaser for value. He states positively that he did not have any knowledge of the alleged oral agreement to mortgage the land he purchased, and there is no direct evidence that he had such knowledge or any information which should have caused him to inquire for such an agreement. Thorman states that he did not inform Brown of the agreement when the sale to him was made, and that after the note of January 1, 1894, was given, and the agreement was made, and before the sale to Brown, the note was surrendered, and a new one given for it, and that nothing was then said about giving a mortgage. There is evidence which tends strongly to show that Thorman had stated to different persons that Brown knew of the agreement when he purchased the land, but there is nothing which overcomes the positive testimony of Brown that he did not have such knowledge, and the statements to the same effect made by Thorman as a witness. Witnesses testified to conversations with Brown respecting the agreement, but none of them show that he knew, or had any reason to know, of it before he purchased the land.

The conclusion we reach as to the merits of the case renders it unnecessary to consider numerous questions presented in argument, as their determination could not affect the disposition of the case we find it necessary to make. The record does not show any error prejudicial to the appellant. The decree of the district court is fully sustained by the evidence, and it is AFFIRMED.