LAURA B. SMITH and SIDNEY SMITH v. GEORGE REDMOND,
Appellant.

**Trial:** ASSIGNMENT OF CAUSES FOR SUCCEEDING TERM.   Conceding the
courts inherent power to assign a cause for trial on a particular
day of a future term, it cannot do so where the issues have not
been .made up and it does not appear that there will be anything
to try at the time set.

**Same:** RIGHT TO JURY TRIAL: DEMAND: WAIVER: CONTINUANCE.   A de-
fendant has a right to a jury trial in a superior court if demanded
when the cause is assigned for trial, otherwise the right is waived,
but to constitute a waiver the assignment must be for the present
term, in conformity with the statute; so that when a cause not at
issue was assigned for a future term failure to demand a jury
at the time of the assignment was not a waiver of the right, but

a demand at the time set for trial was timely; and if a jury was not summoned for that day a continuance should have been granted until it was in attendance.

**Pleading:** TIME FOR FILING. A counterclaim filed with an answer, if the answer is accepted as filed in time, should not be stricken as not timely.

*Appeal from Cedar Rapids Superior Court.*—HON. JAMES H. ROTHROCK, Judge.

TUESDAY, JANUARY 26, 1909.

ACTION to recover damages for detention of real property. On trial without a jury there was judgment for plaintiffs, and defendant appeals.—*Reversed.*

*Jamison & Smyth,* for appellant.

*Main & Griffiths,* for appellees.

McCLAIN, J.—Plaintiffs' petition was filed in the superior court of Cedar Rapids on March 16, 1907. In June following, a demurrer was filed to such petition, which on the 17th day of July next thereafter was overruled. The date of the overruling of the demurrer was within the July term of said court, which term extended beyond the 29th day of August, the next term commencing on September 2d. No answer was filed until September 4th, when the defendant filed an answer and a counterclaim. On motion of plaintiffs the counterclaim was stricken from the files, on the ground that it was filed on the day before the cause was set for trial, and tendered issues which plaintiffs were unable to meet at that time, and was filed without leave of court. On the next day the defendant filed a motion for continuance, on the ground that the cause was not properly set for trial on that day,

that no jury was available for the trial of the cause, and
that the counterclaim had been stricken from the files.
In this motion it was offered on behalf of defendant that
the cause might be tried at a later day of the term after
there should be a jury. This motion for continuance being
overruled, and the cause being called for trial, the defend-
ant demanded a trial by jury which was denied, and there-
upon a trial was had to the court, resulting in the judg-
ment for plaintiffs.

The correctness of the court's action in striking out
the counterclaim, refusing a continuance and denying
trial by jury, depends upon the effect of an assignment of
the cause for trial September 5th, which
assignment was made on August 29th, dur-
ing the July term. There is no statutory
provision specifically referring to assignment of causes in
the superior court, but by Code, section 263, it is provided
that statutes governing the district court as to matters of
practice shall apply to and govern the superior courts,
except when inconsistent with specific provisions relating
to the latter courts, and by Code, section 3659, it is pro-
vided that in district courts on the first day of the term,
or as soon thereafter as practicable, an assignment of trial
causes may be made which shall fix the day of the term
on which each cause will be tried, and that further as-
signments may be made by the court as often as necessary.
It may be, as contended by counsel for appellee, that a
court in which a cause is pending has the inherent power
to assign it for trial on a particular day of a future term,
but it can hardly be claimed that such an assignment can
be made of a cause not yet ready for trial, and in which
the issues have not been joined. At the time of the
assignment of this cause for trial, there was no answer on
file, nor was there any order of court requiring an answer
to be filed by any particular time, and it did not there-
fore appear whether there would be any issue to be tried

*Marginalia: 1. TRIAL: assignment of causes for succeeding term.*

at the date when the case was to be called under the assignment.

But the real difficulty is still deeper. Defendant had a right to a jury trial in the superior court, if demanded when the cause was assigned for trial; otherwise jury trial was waived. Code, section 268. Now whatever the inherent power of the court may have been as to assigning the cause for trial at a following term, the assignment referred to in connection with demand for jury trial is necessarily such an assignment as the court was authorized to make under the provisions of the Code, and that assignment, as already indicated, could not be made save at the term during which the cause was to be tried. Therefore the failure of the defendant or his counsel to be present at the assignment of causes on August 29th and demand a jury trial did not under the statute constitute a waiver of such trial; and, when trial by jury was demanded on September 5th, the date for which the cause was assigned for trial, such demand was timely, and the court should have recognized it. On that date the cause could not be tried to a jury, for no jury had been summoned to appear at that term before September 9th. The court, therefore, should have also granted defendant's motion to have the cause continued until there should be a jury in attendance before which it might be tried, and should not have stricken out the counterclaim as not filed in time, for such counterclaim was filed with the answer, and, so far as we can understand from the record, was aptly filed. It is true that, with reference to the filing of the answer, it appears to have been in the hands of counsel for the plaintiffs in July, but we can not understand how this fact could have been of any significance.

2. SAME: right to jury trial: demand: waiver: continuance.

3. PLEADING: time for filing.

The defendant had a right to file a counterclaim at the time he filed his answer, and as the court did not find him to be in default with

reference to an answer, his right to file a counterclaim in connection with such answer had not been forfeited.

The court erred in refusing a jury trial, and in refusing a continuance to enable the defendant to have the trial by jury to which he was, entitled, and incidentally, as we think, the court erred also in striking out the counterclaim as not filed in due time.—*Reversed.*