EDNA OSBURN et al., Appellants, v. COURT OF HONOR, Respondent.

Springfield Court of Appeals, November 10, 1910. Motion for Rehearing Overruled, January 9, 1911.

1. LIFE INSURANCE: Fraternal Beneficiary Society: Proofs of Death: Suicide: Evidence: Admissions Against Interest: Pleading: Estoppel. In a suit against a fraternal beneficiary society for the full amount called for by the benefit certificate, the defense was made that the assured had committed suicide; that the proofs of death showed suicide and contained an affidavit of one of the beneficiaries that the assured had committed suicide; that under the laws of the society, which were a part of the contract to which the assured had agreed, only a small per cent of the full amount of the insurance could be received in case of suicide, and that the plaintiffs were bound by the proofs of death and estopped to deny suicide. Held, that the statements in the proofs of death were not conclusive; that the answer of defendant was insufficient as a plea of estoppel, and that the trial court erred in giving a peremptory instruction for defendant.

2. ————: Proofs of Death: Mistake: Evidence: Admissions Against Interest. The statements as to the cause of death made in the proofs of death furnished a life insurance company, are competent prima facie evidence against the parties making them. They may become binding and conclusive on such parties, unless by pleading or otherwise, the insurance company receives reasonable notice that the parties making them were mistaken in such statements, and that death in fact resulted from a different cause than that stated in the

proofs. Where such notice is given the proofs of death have the probative force of solemn admissions under oath against interest, but are not conclusive.

3. **PLEADING: Estoppel: Life Insurance: Proofs of Death.** A fraternal beneficiary society pleaded suicide as a defense to an action on a beneficiary certificate, and set up in its answer that the proofs of death furnished by plaintiff showed the cause of the death to have been suicide, and that the defendant had acted upon these proofs. *Held*, that the answer did not contain a sufficient plea of estoppel.

4. —————: —————: **Evidence.** An equitable estoppel is not available unless pleaded, and the facts relied upon as an estoppel *in pais* must be specially pleaded, or evidence of them cannot be received.

5. **ESTOPPEL: Essential Elements.** In order to constitute an estoppel, three things must be shown: (1) That the parties have done some act or made a declaration inconsistent with the truth for the purpose of securing the action of the other parties; (2) that the parties alleging the estoppel were ignorant of the truth and relied upon such actions or declarations; (3) that injury would result to them by the denial.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

REVERSED AND REMANDED.

*H. L. Shannon* for appellants.

(1) Admissions in the proof of death are only prima facie evidence, and when it is shown that they were induced by a misapprehension or that they are contrary to the facts, they should be disregarded. Almund v. M. W. A., 113 S. W. 695; Union Mutual Life Ins. Co. v. Payne, 45 C. C. A. 193, 105 Fed. 172; Hassencamp v. Ins. Co., 56 C. C. A. 625, 120 Fed. 475; Knights of Maccabees v. Stensland, 206 Ill. 124, 68 N. E. 1098; Assurance Corporation v. Anderson, 47 Pac. 331. (2) The presumption of law is against suicide. Lamasteric, Adm., v. Ins. Co., 62 Mo. 129; Meadows v. Life Ins. Co., 129 Mo. 77; Hunt v. Ins. Co., 105 Mo. App. 43. (3) An admission not founded upon knowledge but based upon

information received from others should receive but little weight. 1 Ency. of Evidence, 615; Sparr v. Wellman, 11 Mo. 230.

*John Sullivan* for respondent.

(1) Where prior to action on the policy, the insured notifies the company that there has been a mistake, and that the proofs furnished were incorrect, he may introduce evidence to show the mistake, and will not be conclusively bound by the statements in the proofs originally furnished. Insurance Co. v. Lewis, 28 Fla. 209; Jones v. Insurance Co., 36 N. J. Law 29; Waldeck v. Springfield, 53 Wis. 129. (2) Statements contained in a notice of proofs furnished by insured to the company, are considered as admissions by the insured and are admissible against him as evidence of the facts therein stated. Richlieu v. Ins. Co., 136 U. S. 408; Ins. Co. v. Zaenger, 63 Ill. 464; Ins. Co. v. Watson, 23 Mich. 486; Wiaghan v. Ins. Co., 24 Hund. (N. Y.) 58; Campbell v. Stove Co., 10 Allen (Mass.) 219; Irving v. Ins. Co., 1 Bosworth 507. (3) Compliance with the conditions as to the proof of loss in other respects is essential unless waived by the insurers, and that an error in the statement cannot be cured by evidence at the trial. Johnson v. Ins. Co., 112 Mass. 52; Welcome v. Ins. Co., 2 Gray 480; Shawmut v. Ins. Co., 12 Gray 555; Worsley v. Wood, 1 Bosworth, 6 T. R. 710. (4) Where the party or his agent stated in the preliminary proofs that the deceased had committed suicide, furnishing the verdict of a coroner's jury to that effect and where the narration of the manner of the death of the deceased was so interwoven with the death of the deceased that the two things were inseparable, it was held that the whole was competent to go before the jury. Ins. Co. v. Higgenbotham, 95 U. S. 390. (5) Coroner's verdict and evidence admissible when made a part of the death proofs. Sharland v. Ins. Co., 101 Fed. 206;

Netzradt v. M. B. A., 84 N. W. 498. Death proofs admissible as to cause of death. Supreme Lodge v. Fletcher, 29 Southern 523. (6) Proofs of death are competent evidence and the defendant company has a right to use them in case as evidence. Modern Woodmen v. Wald, 49 Pac. (Kas.) 782; Riley v. Ins. Co., 25 Fed. 315; Agen v. Ins. Co., 60 N. W. 1020; Scant v. Ins. Co., 39 N. W. (Iowa) 658; Supreme Tent v. Hammers, 81 Ill. App. 560; Brown v. Association, 74 Mo. App. 490; Hart v. Modern Woodmen, 57 Pac. (Kas.) 936.

STATEMENT.—This is an appeal from a judgment upon an involuntary non-suit. The appellants are sisters of Cora F. Bender, deceased. The respondent is a fraternal benefit society of which Cora F. Bender was a duly accredited member and in which she carried a certificate of five hundred dollars fraternal life insurance, made payable to the appellants at her death subject to certain conditions. The provision in said certificate material to this controversy is as follows: "I understand and agree that if I commit suicide, whether sane or insane, voluntarily or involuntarily, there shall be payable to the beneficiaries entitled thereto, five per cent of the face of the certificate for each year I shall have been continuously a member of the society." This benefit certificate was delivered on the 17th day of March, 1908, and on the 5th or 6th of October of the same year, Cora F. Bender died. At the close of all the evidence, the court instructed the jury that under the law and the evidence the verdict must be for the defendant. The plaintiffs announced the taking of a non-suit with leave to file a motion to set it aside. Judgment was entered for the defendant. A motion to set aside the non-suit was duly filed and overruled, whereupon application was made for and an appeal was granted to this court.

The plaintiffs' petition is in substance as follows:

The defendant is a corporation organized under the laws of the State of Illinois; that on the 25th day of February, 1908, the defendant delivered to Cora F. Bender a certificate of life insurance, providing that said Cora F. Bender should be entitled to participate in the benefit fund of class A of said society to the amount of five hundred dollars, and providing further that said sum upon satisfactory proof of the death of said member should be paid to Edna Osburn and May Davidson, $250 to each of them; that on the 5th day of October, 1908, said Cora F. Bender departed this life; that satisfactory proofs of her death have been made to the defendant and that plaintiffs, and the said Cora F. Bender have in all other respects complied with the terms of said contract of insurance and that payment has been demanded by plaintiffs and refused.

The defendant's answer is substantially as follows:

That it is a corporation organized and existing under and by virtue of the laws of the State of Illinois but that it is not authorized to do a general insurance business. That on the 25th day of February, 1908, defendant issued to Cora F. Bender a benefit certificate subject to all the terms and conditions; that Cora F. Bender came to her death on or about the 5th day of October, 1908, and that it tendered to the plaintiffs the full amount due under the terms of said certificate of insurance. That defendant is a fraternal beneficiary society organized under the laws of the State of Illinois relating to fraternal beneficiary societies, and that it is a fraternal beneficiary society as defined by the laws of the State of Missouri. That it was a part of the contract between the defendant and Cora F. Bender that if she should commit suicide, whether sane or insane, voluntary or involuntary, there should be payable to the beneficiaries entitled thereto "five per cent of the face of the certificate for each year she shall have been continuously a member of the society." That the

death proofs furnished by the claimants for the defendant company's action upon the claim made by said beneficiaries shows the cause of death to have been suicide and that the cause of said death was in fact suicide. That the amount due under said certificate of insurance is the sum of $7.29 to each of the beneficiaries and that said amount has been allowed ·by the managing board of said society and tendered to the said beneficiaries long before the commencement of this action.

The reply was a general denial.

Shortly after the death of Cora F. Bender, proofs of death were furnished by H. H. Smith, the clerk of the local Court of Honor, on blanks furnished by the defendant company. These proofs of death showed that Miss Bender came to her death from suicide. Among other things contained in the proofs of death was the verdict of the jury of the coroner who held the postmortem examination, in the following language: "I, E. H. Baird, coroner, find that Cora F. Bender came to her death on October 6, 1908, at Carthage, Missouri, from strychnine poisoning, said poison taken with her own hand with suicidal intent." Among other proofs of death furnished was Blank A containing the affidavit of H. H. Smith as to the death of Cora F. Bender. Also, Blank C, containing an affidavit of David Wise as to the time and place of Miss Bender's death, with the further statement that the immediate cause of her death was strychnine poisoning; that said David Wise was a practicing physician in good standing and .had been for fourteen years. There was also the affidavit of May Davidson, one of the appellants, among the proofs of death, in which she stated the time and place of the death and "that death resulted from suicide," and in which she made claim as a sister for the sum of $250 due her as beneficiary under the benefit certificate; also, "I further state that Blanks A, B and C

of the said Court of Honor filed with this claim have been executed at my special instance and request and the statements therein contained are adopted by me and agreed to as the basis of this claim." The affidavits of John Eckman and H. H. Smith stated their acquaintance with the deceased at the time of her death, her membership, in the Court of Honor, and that the cause of her death was suicide. The affidavit of Edna Osburn, one of the appellants, is substantially the same as that of May Davidson. The evidence taken at the coroner's inquest was also incorporated in the death proofs and made part thereof.

A stipulation was filed in the case in which it was agreed by the appellants that the defendant was a fraternal beneficiary order as defined by the laws of Missouri, and had complied with all the requirements of the statutes of Missouri since 1898, and was authorized to do business in the State of Missouri as a fraternal beneficiary society. It was also admitted that Cora F. Bender made application for membership and became a legal member of the order, and agreed as a part of her contract with the society that the laws of the society, then in force or thereafter enacted, should become a part of her contract and govern her rights and those of her beneficiaries thereunder; that she agreed that if she should commit suicide, voluntary or involuntary, there should be made payable to the beneficiaries entitled thereto five per cent of the face of the certificate for each year she had been continuously a member of the order. It was also agreed that at the time of her death certain provisions were a part of the laws of the society and in full force and effect; among others, the clause as to suicide hereinbefore stated.

At the trial, the constitution of the Court of Honor was identified and offered in evidence, section 158 of the same being as follows: "Upon the death of a benefit member in good standing, the chancellor and recorder of the district court of which deceased was a mem-

ber shall be a committee to investigate and promptly report to the supreme recorder the circumstances, date and cause of death. Upon receipt of such report the supreme recorder shall forward to the recorder of the district court blank forms prescribed by the board of supreme directors to be executed by the proper person to make proof of death and of the claimant's right to the benefit. All proofs must be executed in the form prescribed by the board of supreme directors and upon blanks furnished by the supreme recorder; but the fact that they are so executed on such form shall in no case be construed as a waiver on the part of the society of forfeiture of benefits by the member from any cause, nor the right to demand further proof. After such death claim is properly executed and is passed upon by the board of supreme directors, the said board of supreme directors shall direct that a benefit fund warrant be drawn on the supreme treasurer in payment of such claim and made payable to the person or persons legally entitled thereto, conditioned on the surrender of the certificate, properly receipted, and the supreme chancellor shall see that said warrant is delivered to the person or persons entitled thereto. The supreme treasurer shall pay such warrant upon its presentation to him accompanied by the benefit certificate of the deceased, properly receipted by the beneficiaries thereunder."

Plaintiffs also admitted in said stipulation that proofs of death were furnished to the board of supreme directors, and that on November 16, 1908, said board took up the claims of the plaintiffs and went through the death proofs and found that the death of Cora F. Bender was caused by and through suicide, as shown by the death proofs of Edna Osburn and May Davidson, and allowed said claims under the terms of the contract providing that in case of suicide there should be paid to the beneficiaries entitled thereto five per cent of the face of the certificate for each year the deceased had

been continuously a member of the society; that the board of supreme directors directed that warrants be drawn on the benefit fund in payment of said claims, to Edna Osburn, $7.29, and to May Davidson, $7.29; that said warrants were drawn and sent to the plaintiffs.

The plaintiffs brought suit for the full amount of the certificate five hundred dollars. As shown, the defendant's answer pleaded the suicide provision of the contract, the words of the answer being, "that the death proofs furnished by claimants for the defendant's action upon the claim made by the beneficiaries shows the cause of death to have been suicide, and that the cause of said death was in fact suicide." The answer also stated that payment had been tendered in accordance with said suicide provision in the contract.

At the trial of the cause, for the purpose of avoiding the effects of their admissions in their death proofs that the cause of their sister's death was suicide, the plaintiffs offered evidence for the purpose of showing that such admissions were made under a misapprehension as to the facts concerning their sister's death; that they were induced to make these statements under a misapprehension as to the weight and value of the opinions of Dr. Wise and others concerning the cause of their sister's death, and that as a matter of fact they had no personal knowledge at the time of whether their sister committed suicide or not, and only made the statements contained in their proofs of death from the reports of others; that in truth and in fact her death was not caused by suicide, either voluntary or involuntary, but was the result of entirely different causes. The court refused to try the case upon this theory and tried it upon the theory that the proofs of death furnished by the plaintiffs and the action of the defendant thereunder constituted an estoppel.

Osburn v. Court of Honor.

NIXON, P. J.—An equitable estoppel is not available unless pleaded, and the facts relied upon as an estopped *in pais* must be specially pleaded or evidence of them cannot be received. [Loving Co. v. Hesperian Cattle Co., 176 Mo. 330, 75 S. W. 1095; Miller v. Anderson, 19 Mo. App. 71.] The only facts set up in defendant's answer which can be claimed to constitute its plea of estoppel were "that the death proofs furnished by the claimants showed the cause of death to have been suicide," which was coupled with the further allegation, "that the cause of said death was in fact suicide."

Equitable estoppels or estoppels *in pais* grow out of the acts and declarations of the parties sought to be charged and are applied for the prevention of fraud and to prevent a person who has been influenced by such acts and declarations from the injury of a denial. In order to constitute an estoppel, three things must be shown: (1) That the parties have done some act or made a declaration inconsistent with the truth for the purpose of securing the action of the other parties; (2) that the parties alleging the estoppel were ignorant of the truth and relied upon such acts and declarations; and (3) that injury would result to them by the denial. [Taylor v. Zepp, 14 Mo. 482.] The doctrine of equitable estoppel rests upon the principle that "a man's own act or acceptance stoppeth or closeth up his mouth to allege or plead the truth." [Coke Litt. 352a.] Its controlling principle is to prevent fraud and promote justice. But it is the policy of the law "to guard estoppels strictly because estoppels may exclude the truth." [11 Am. and Eng. Ency. Law, 388.]

The mere statement in the answer that the death proofs furnished by the plaintiffs to the defendant and acted upon by the defendant showing that death resulted from suicide is not a sufficient plea of estoppel. It only goes to the representation made by the plaintiffs in their proofs of death that the cause of death was sui-

cide, and therefore comes short of an adequate plea containing all the elements of an estoppel *in pais*.

Statements as to the cause of death in proofs of death, under life policies, furnished under the provisions of the benefit certificate constitute admissions of material facts made by the claimants against interest, and they are competent prima facie evidence against the parties making them in an action on the policy wherein the issue is the cause of death. They may become binding and conclusive on the parties making them unless by pleading or otherwise the defendant company received reasonable notice that the parties making them were mistaken in such statements and that death in fact resulted from a different cause than that stated in the proofs. If such notice is given. the proofs of death have the probative force of solemn admissions, under oath, against interest, but are not conclusive. [Keels v. Mut. R. F. L. Asso., 29 Fed. 198; Hanna v. Conn. Mut. L. Ins. Co., 150 N. Y. 526, 530; Travelers Ins. Co. v. Hartford & C. Ins. Co., 66 Fed. 178; Mutual L. Ins. Co. v. Stibbe, 46 Md. 302, 312; Leman v. Manhattan L. Ins. Co., 24 L. R. A. 589; Hancock Mut. L. Ins. Co. v. Dick, 44 L. R. A. 846; Parmalee v. Hoffman F. Ins. Co., 54 N. Y. 193; McMaster v. Ins. Co. of N. A., 55 N. Y. 222; Mutual Ben. L. Ins. Co. v. Newton, 22 Wall. 32; Travelers Ins. Co. v. Robbins, 27 U. S. App. 547; Bachmeyer v. Mut. R. F. L. Asso., 52 N. W. 101.]

It is unnecessary for us to consider whether the evidence in this case presented facts which, if properly pleaded, would have constituted a complete estoppel to the action of the plaintiffs. It is sufficient. to say that the pleading was not so drawn, and defendant must lie in the bed it has made.

It follows from what has been said that under the pleadings the trial court erred in giving a peremptory instruction to the jury to return a verdict for the

·defendant. The judgment is accordingly reversed and the cause remanded. *Cox, J.,* concurs; *Gray, J.,* having been of counsel, not sitting.