MOLYNEUX & MAHER, Appellee, v. CHARLES JULIUS,
Appellant.

**PLEADING:** Presumptions Need No Supporting Allegation. A
1 pleading which alleges facts from which a presumption of fact
arises, need not be aided by further allegations of fact showing
that the presumption is true.

'PRINCIPLE APPLIED': It was alleged that, at defendant's
request, plaintiff vaccinated defendant's hogs with hog cholera
serum, and recovery was prayed for the value of the serum
used and for the services rendered. Defendant moved that plain-
tiff be required to state of whom he (plaintiff) had obtained
the serum, and whether it was of the lawful degree of potency.
The statute required the director of the state laboratory to es-
tablish the degree of potency of *all* hog cholera serum, and pro-
hibited the sale or use of *any* serum except under specified con-
ditions and regulations. *Held*, the pleading raised the presump-
tion that the serum used was lawfully purchased, and was of
the established degree of potency, and that the motion was
properly overruled.

**CONTINUANCE:** Opportunity to Prove Immaterial Matter. A con-
2 tinuance in order to enable movent to prove an alleged fraudu-
lent representation is properly denied when the pleadings re-
veal the fact that movent *did not rely on said representation.*

**CONTINUANCE:** Assignment for Trial Before Issue. Assigning a
3 cause for trial prior to joinder of issue is not ground for a con-
tinuance, especially when issue was properly joined prior to the
day of actual trial.

**TRIAL:** Excluding Indefinite Question. One may not complain of
4 the exclusion, on cross-examination, of a question which calls
for the best evidence of a paper, when the question was not
proper cross-examination, and when nothing appears as to the
contents of the paper, had it been received.

*Appeal from Cherokee District Court.*—WILLIAM HUTCHIN-
SON, Judge.

OCTOBER 25, 1918.

ACTION to recover for services and serum used in the

treatment of hogs for cholera resulted in verdict and judg-
ment for plaintiff.   The defendant appeals.—*Affirmed.*

*G. M. Gillette* and *McCulla & McCulla,* for appellant.

*Molyneux & Maher,* for appellee.

LADD, J.—I.   The defendant had hogs in the stockyards
at Cherokee, which he had shipped from outside of the state,
and had arranged to sell them at auction about the 6th of
November, 1915.   These hogs were required
to be quarantined; and, as plaintiff alleged,
defendant concluded to have them treated
for hog cholera, if purchasers so desired,
and entered into an oral agreement with plaintiff's assignor,
W. H. Horn, so to do, and to explain to prospective pur-
chasers the method of treating them, the result, and the ab-
sence of danger therein.   Plaintiff further alleges that, in
pursuance of such agreement, Horn vaccinated hogs pur-
chased by different purchasers, and that services so per-
formed, together with the serum furnished, were of the rea-
sonable value of $148.40.

1. PLEADING: pre-
sumptions need
no supporting
allegation.

The defendant moved that the petition be made more
specific, in that plaintiff be required to state whether the
serum furnished to defendant herein was obtained from the
laboratory at Ames, and, if not, from whom he obtained
same, and whether it was of the standard degree of potency.
This motion was overruled, and rightly so.   Section 2538-w
of the Supplemental Supplement to the Code, 1915, directs
the establishment of a laboratory for the manufacture of
hog cholera serum at Ames, and the appointment of a
director of such laboratory.   The section following (Section
2538-w1) declares that:

"The director of said laboratory shall, on application,
furnish said serum to any practicing veterinarian or any
person within the state of Iowa,   *   *   *   at the approxi-
mate cost of manufacture."

Section 2538-w3 of said Supplemental Supplement requires the director "to establish and declare the standard degree of potency of hog cholera serum for successfully treating, curbing and controlling hog cholera or swine plague," and, either by himself or through others, to inspect commercial serum plants and distributing agencies; and empowers him, upon the furnishing by an applicant of a bond of $1,000, to issue to any person, firm, company, or corporation, a permit to sell serum within the state, he furnishing to said applicant "a statement showing the standard or degree of potency of hog cholera serum as established by said director;" and prohibits the sale of any serum below the standard test of potency, as established by said director. Also, a permit may be granted a distributing agency for the distribution of serum or virus.

Section 2538-w5 prohibits any parties named above from distributing or selling "any portion of virulent blood or virus from cholera infected hogs except   *   *   *   holders of permits to use the same.   *   *   *   And no person shall use any portion of virulent blood or virus from cholera infected hogs unless he has received special instruction in reference to such use of such virulent blood or virus which is satisfactory to the director of said laboratory and said director has issued a permit to such person, and such permit shall be cancelled by said director for cause which said director may deem sufficient; provided, that these restrictions shall not apply to official work of, first, veterinary members of the Animal Health Commission or, second representatives of the United States Bureau of Animal Industry; but all virulent blood or virus used by such persons shall be reported to the director of the serum laboratory in such manner as he may require."

It is apparent from these statutes that no serum or virus for the cure of hog cholera may lawfully be on the market, unless the same complies, in respect to potency and

otherwise, with the tests established by the director of the laboratory at Ames; and presumptively, the article furnished by the plaintiff was of that character, and it was unnecessary to describe it otherwise than as the term is made use of in the statutes. For this reason, the ruling denying the motion for more specific statement has our approval. If the serum were defective, this was a matter of defense; but presumably none other was on the market or used. There was no error in overruling the motion.

II.  The answer put in issue the allegations of the petition, and pleaded affirmatively that Horn represented to the defendant that he was assistant state veterinarian; that he had orders to vaccinate the hogs, and so did, and not in pursuance of a contract with defendant; that plaintiff was not an assistant state veterinarian, and acted without authority therein, but so represented to deceive defendant and induce him to allow said hogs to be vaccinated; that defendant never consented to said vaccination; and that this was done against his will. One of the grounds of defendant's motion for continuance was that the testimony of the state veterinarian might be taken, to show that Horn was not an assistant to said officer. The motion was overruled, and there was no error in so doing. No fraud was perpetrated; for the answer avers that the alleged representation did not induce defendant to consent to the vaccination by Horn, as assistant to the state veterinarian, and if Horn vaccinated in manner alleged, the work was not done in pursuance of the alleged contract; and this would be a complete defense, regardless of whether he was assistant state veterinarian or not. Moreover, Horn testified that he had not been appointed to that position, and, in any event, there could have been no prejudice in not having procured the state veterinarian's testimony.

III.  One of the grounds for continuance was that the

2. CONTINUANCE: opportunity to prove immaterial matter.

cause was assigned for trial prior to issue's being joined. Issue was joined, however, before the cause was reached for

**3. CONTINUANCE: assignment for trial before issue.**

trial. No prejudice appears, and the complaint is utterly without merit. Section 3659 of the Code does not exact that an answer shall be on file when the day of trial is determined. Nor would such a requirement be practicable in the smaller counties of the state, where terms are of but a few days' duration. The matter of assigning causes for trial is almost, if not entirely, a matter of discretion; for the trial courts necessarily time the work to be done in view of the condition of the dockets, the period within which the business at hand must be disposed of, and other exigencies existing or which may arise. See *Slocum v. Brown,* 105 Iowa 209; *Stewart v. Gorham,* 122 Iowa 669. Nothing is to be found in *Smith v. Redmond,* 141 Iowa 105, to the contrary, except the syllabus prepared by the reporter. No abuse of discretion appears.

IV. The witness W. H. Horn stated:

"You do not have to have a permit for the use of serum. I had one, but it is not necessary for the use of serum. Q.

**4. TRIAL: excluding indefinite question.**

Do you pay a fee to the state for the purpose of administering serum? A. Yes, sir. (Objected to as incompetent, irrelevant, and immaterial. Court: It is not immaterial. Sustained.) Q. Have you a permit? (Same objections. Same ruling.) Q. Did you have a permit at that time? A. Yes, sir. Q. Have you the permit you had at that time? A. Yes, sir. Q. Will you produce it? (Objected to as incompetent, irrelevant, and immaterial. Court: Sustained.)" This ruling is assigned as error.

It will be observed from Section 2538-w5, quoted above, that there are two prerequisites to the use of virulent blood or virus by any person. The first of these is that he shall have received special instruction in reference to the use

thereof, and the second, that the director shall have issued to such person a permit to use it. The language employed excludes all exceptions, and there is no room for the contention that a licensed veterinarian, in the practice of his profession, is relieved from first obtaining such permit, before making use of the serum. But the evidence that Horn had such permit was received without objection, and there was no motion to exclude the evidence from the record. It may be that the best evidence was not adduced, but that point was not raised. The court may have erred in not requiring Horn to produce the permit; but, as defendant had drawn out the testimony that he had actually had a permit, not in cross-examination of anything adduced in the evidence in chief, he is not in a situation to complain of the error in the refusal to permit the confirmation of such evidence by the production of the permit. What it was, save as described in the statute, does not appear; and therefore, omission to require its production cannot be said to have been prejudicial. See *American Exp. Co. v. Des Moines Nat. Bank*, 177 Iowa 478, and cases cited in opinion and dissent.

What we have said disposes of all questions argued, and the judgment is—*Affirmed.*

PRESTON, C. J., EVANS and SALINGER, JJ., concur.