HANNAH ANDERSON, Appellee, v. ROYAL HIGHLANDERS, Appellant.

PLEADING: Reply—When Necessary. An answer which pleads that
1 the proofs of death of an insured showed a death by suicide, and that consequently only a very limited liability attached to the insurer, calls for a reply, if plaintiff expects to prove that said proofs were inadvertently drawn, and contained a mistake as to the cause of death.

JUDGMENT: By Default—Abuse of Discretion. Reversible error does
2 not necessarily result from the act of assigning a cause for trial before the same is at issue; but such error does result from allow-

ing a plaintiff, on the very eve of trial, to file a reply on the one vital issue in the case and, in the absence of the defendant, to proceed instanter to trial and default judgment.

*Appeal from Marshall District Court.*—JAMES W. WILLETT, Judge.

MAY 18, 1923.

ACTION to recover upon a certificate of insurance issued by defendant to John J. Anderson, in which certificate plaintiff was named as beneficiary. Issue was made in the original case by plaintiff, claiming $2,000 on the certificate, defendant claiming that insured was a suicide, and that the defendant's liability was only the amount of the assessments paid by insured. The case was assigned for trial, and when it was reached for trial, defendant failed to appear, and the trial proceeded to a jury. Plaintiff introduced evidence, and the court, on motion of plaintiff, directed verdict in her favor, and judgment was entered on the verdict for the full amount of the policy. Later, at the same term, defendant moved to set aside the verdict and judgment, and plaintiff resisted the motion. The motion was overruled, from which ruling this appeal is taken. Facts appear in the opinion.—*Reversed and remanded.*

*Hainer, Craft & Lane* and *C. H. Van Law,* for appellant.

*E. N. Farber* and *H. H. Craney,* for appellee.

ARTHUR, J.—The petition alleged that plaintiff was the mother of John J. Anderson; that, about April 1, 1909, John J. Anderson became a member of the defendant association, and remained such member until about the 20th of August, 1919, when his death occurred; that there was issued to John J. Anderson a certificate of membership; that said certificate provided that $2,000 would be paid to Hannah Anderson, mother of insured, upon satisfactory proof of death of insured; that proof of death was made. Plaintiff attached to her petition a copy of the certificate sued on. Among other things, the certificate provided that:

1. PLEADING: reply: when necessary.

"In case of suicide of the member, either sane or insane, the amount of all contributions of the member to the fidelity fund of the fraternity only shall be paid to the beneficiary named in this certificate."

On September 4, 1920, defendant filed answer, admitting the allegations of the petition as to its organization and the transacting of the business of insurance, and the issuance of the certificate and acceptance; that plaintiff was the beneficiary named in said certificate; that due proof of death of said John J. Anderson had been made; that defendant had in its possession in the fidelity fund, money sufficient to pay the claim of plaintiff. The answer denied other allegations of the petition. As affirmative defense, defendant alleged, among other things, the application for membership and issuance of the certificate and the conditions and obligations of the insured, and insured's statements and answers to questions in such application; that, among other things, it was agreed by insured in such application that:

"I also agree that, should I commit suicide after my admission into the fraternity, whether sane or insane, that this contract shall be null and void and of no binding force upon said Executive Castle; except that I agree that all payments made by me which have been placed in the fidelity fund shall be accepted in full payment of all benefits to my beneficiary or beneficiaries, and that payment of same by the Royal Highlanders shall cancel all claims whatsoever."

Defendant further alleged that the laws and edicts of the defendant society were made a part of the contract of insurance, and were accepted by the insured, which laws and edicts contained, among other things, the provision that:

"The benefit certificate issued to a member shall become void and all benefits thereunder shall be forfeited in case the member shall die from suicide, felonious or otherwise, sane or insane."

Defendant further alleged that plaintiff had duly made and presented to defendant proof of death of insured under said certificate sued on, in which said proof it was stated:

"The mode and manner of the death for which benefits are hereby claimed are as follows: Suicided on August 20, 1919, at

his home in Marshalltown, Iowa. The immediate cause of such death was bullet wound in the breast inflicted by himself during a despondent spell to which he was subject since being gassed in the World War.''

Defendant further alleged that it received said proof, ''being the same proofs mentioned and referred to in the petition of the plaintiff, and acted thereon; that on such action it duly allowed to the plaintiff the sum of $107.70, and being the full amount of the payments made by the said John J. Anderson to the fidelity fund of the defendant, and it thereupon issued to the said plaintiff an order on its chief treasurer for said amount, to wit, $107.70, so due thereon, which said order was by the said plaintiff refused.''

Defendant continued the tender made to plaintiff by paying $107.70 into court for the benefit of plaintiff.

On the 5th day of April, 1921, plaintiff filed reply, denying the allegations of the answer, except such as are admissions of allegations in the petition or are specifically admitted. Further replying, plaintiff alleged:

''That if, in the proof of death of the insured, it was stated that the death resulted from suicide, such statement was made erroneously, inadvertently, and under misapprehension of the real facts; that, if such statement was made, it was the statement of an erroneous opinion had at that time; that, if such statement was made, it was a mistake; that death was not the result of suicide.''

Such was the state of the pleading when the case went to trial, in the absence of anyone representing defendant, on April 5, 1921.

The petition was filed on August 17, 1920, the answer on September 4, 1920, and the reply on the day of trial, April 5, 1921. On April 18, 1921, defendant filed motion, supported by affidavits, to set aside the verdict and judgment entered thereon, on the grounds:

(1) That the cause was not at issue at the commencement of the term, and was not at issue at the time the case was assigned for trial, and no assignment for trial was made after the issues were made up.

(2) That the petition was filed on August 26, 1920, and

the answer filed on September 4, 1920; that the answer affirmatively alleged facts constituting a legal defense to the cause of action alleged in the petition; that no further pleadings were filed by plaintiff until the plaintiff replied on April 5, 1921, thus for the first time joining issue with defendant upon the allegations of its answer; that, upon filing of said reply, on the same day, said case was immediately called for trial, and the verdict directed in favor of plaintiff, without any notice to defendant, and in the absence of any counsel representing or having any notice of said proceedings.

(3)    That the defense set up in the answer was made in good faith, with the purpose of trial upon the issues presented.

(4)    That neither defendant nor its officers or counsel had knowledge that the reply had been filed, and that the case was thereby made at issue, or that the case had been assigned for trial, until the 7th day of April, 1921.

(5)    That E. J. Hainer, of the firm of Hainer, Craft & Lane, of Lincoln, Nebraska, was the general counsel for defendant, and had sole charge of the defense of this case; that the answer was forwarded by E. J. Hainer to the clerk of the district court of Marshall County on the 3d day of September, 1920, accompanied with a request that the said clerk advise him as soon as any reply or other pleading was filed; that Hainer received from said clerk on September 4, 1920, acknowledgment of his letter and receipt of the answer, with the statement that he, the clerk, would endeavor to keep counsel posted as to any further action that might be taken; that, in the absence of any notice from said clerk or otherwise that the reply had been filed, that said case was at issue, or that said court was in session, or that said case had been set down for trial, counsel assumed and believed that nothing had been done, and that no immediate action was contemplated therein; that no further word regarding said case was received by Hainer, until after said cause had been called for trial and the verdict rendered, in his absence and without any knowledge on his part that such action was contemplated or would be taken.

(6)    That the motion is not made for delay, but in good faith, and that justice may be done, and was made necessary

solely by the misunderstanding on the part of counsel, unavoidable mistake, and errors as above set forth.

Appellee contends that the answer of appellant, when filed on September 4, 1920, put the case at issue, and that no reply by appellee was necessary; that the allegations contained in appellant's answer were all denied by operation of law, so that the answer, when filed, put the case at issue, and no reply was necessary. Code Section 3576 reads:

"There shall be no reply except: 1. Where a counterclaim is alleged; 2. Where some matter is alleged in the answer to which the plaintiff claims to have a defense by reason of the existence of some fact which avoids the matter alleged in the answer."

Now, was the case fully at issue on the petition and answer on the vital issue in the case? Was the question whether or not the death of insured resulted from suicide at issue by the allegations of the petition and answer? In the body of her petition, plaintiff alleged the death of insured, but did not allege how death resulted. She alleged, however, "that due proof of death had been made" and presented to the defendant association, and attached to her petition a copy of the certificate, which, among other things, provided:

"In case of suicide of the member, either sane or insane, the amount of all contributions of the member to the fidelity fund of the fraternity only shall, be paid to the beneficiary named in this certificate."

The answer admitted that due proof of the death of insured had been made to it, and averred that in said proof it was stated by plaintiff that:

"The mode and manner of the death for which benefits are hereby claimed are as follows: Suicided on August 20, 1919, at his home in Marshalltown, Iowa. The immediate cause of such death was bullet wound in breast inflicted by himself during a despondent spell to which he was subject since being gassed in the World War."

The answer further alleged, as to the proofs of death furnished by plaintiff, that they were "the same proofs mentioned and referred to in the petition of plaintiff."

We think that counsel's first impression and judgment in

filing the reply were correct, and that their position taken since on this appeal is erroneous. We think the statutory denial would not have been a denial that "death was not the result of suicide." Plaintiff had alleged in her petition that she had furnished to the company proof of death of insured, and defendant had answered, admitting receiving the proofs of death mentioned in the petition, and that, in such proofs of death so furnished, plaintiff had stated the manner in which the death had occurred, which was by suicide; that "the immediate cause of death was bullet wound in breast inflicted by himself." The statutory reply would not be broader than a general denial. We think that the reply, wherein plaintiff sought to avoid the necessary consequences of having filed said proofs of death, with the statements therein showing suicide of insured, and to show that the death of insured was not the result of suicide, was a necessary pleading, in avoidance of the facts set up in the answer. In *Marder, L. & Co. v. Wright,* 70 Iowa 42, we said:

"The office of the reply * * * is to make an issue on the allegations of the counterclaim of the defendant, or to plead matter in defense or avoidance of the matters pleaded by way of defense in the answer."

In *Zinck v. Phoenix Ins. Co.,* 60 Iowa 266, we said:

"Where some matter is alleged in the answer to which the plaintiff claims to have a defense, by reason of the existence of some fact which avoids the matter alleged in the answer," a reply so alleging must be filed (Section 2665, Code of 1873) before evidence of such fact can be admitted.

While the burden was on the defendant association to show that the death of insured was suicidal, we have held, in substance, that statements in proof of death that deceased came to his death by suicide are an admission, and receivable against plaintiff, but create no estoppel, and are subject to explanation. *Michalek v. Modern Brotherhood of America,* 179 Iowa 33; *Melton v. Royal Highlanders,* 194 Iowa 352.

There are many cases holding that statements in proof of death under a fraternal policy of insurance that deceased died by his own hand are prima-facie evidence of suicide. *Zimmerman v. Fraternal Reserve Assn.,* 166 Wis. 446 (166 N. W. 5); *Almond v. Modern Woodmen of America,* 133 Mo. App. 382 (113

S. W. 695); *Osburn v. Court of Honor*, 152 Mo. App. 652 (133 S. W. 87); *Felix v. Fidelity Mut. Life Ins. Co.*, 216 Pa. St. 95 (64 Atl. 903); *Jenkner v. Knights of Maccabees*, 243 Pa. St. 281 (90 Atl. 73).

On the trial, plaintiff introduced in evidence the application for membership, the memorandum attached to the application, and the certificate of insurance. Plaintiff was called as a witness, but did not testify to anything not admitted in the answer. She testified that insured died on the 20th day of August, 1919, but was not asked how his death resulted. If the court did not read the answer, it is likely that he had no intimation of the only issue made by the pleadings,—that of suicide.

We think the case was not at issue when it was assigned for trial, and was not at issue until the reply was filed, on the eve of trial. The reply not having been filed until the day of the trial, the clerk had no opportunity of mailing to counsel for defendant a copy of the reply, as provided by Section 3558, Code Supplemental Supplement, 1915, in time to be received by counsel before the trial, or any time during the day of the trial. While it cannot be said that the assignment of the case at the beginning of the term, before the case was fully at issue, was error, yet, when the reply was filed on the morning of the day of the trial (which reply we are constrained to hold was necessary to place the case fully at issue), the trial should have been postponed, or the case continued, to afford counsel for defendant opportunity to receive and have the reply in his possession, and opportunity to be present at the trial; and it was error to proceed with the trial in the absence of counsel for defendant, under such situation.

2. JUDGMENT: by default: abuse of discretion.

In *Molyneux & Maher v. Julius*, 184 Iowa 816, we said:

"Section 3659 of the Code does not exact that an answer shall be on file when the day of trial is determined. Nor would such a requirement be practicable in the smaller counties of the state, where terms are of but a few days' duration. The matter of assigning causes for trial is almost, if not entirely, a matter of discretion; for the trial courts necessarily time the work to be done in view of the condition of the dockets, the period within which the business at hand must be disposed of, and other exi-

gencies existing or which may arise.  See Slocum v. Brown, 105 Iowa 209; Stewart v. Gorham, 122 Iowa 669.''

In the Julius case, the case was assigned for trial prior to the joining of issues; but the issues were joined by filing an answer before the cause was reached for trial, and we held that there was no abuse of discretion in refusing a continuance of the case.

In the instant case, we are constrained to hold that, when the reply was filed, alleging that the statements contained in the proof of death were erroneous, and ''that death was not result of suicide,'' thus joining issue on the vital question in the case, whether or not death resulted from suicide, it was error to permit the case to proceed to trial instanter, in the absence of counsel for defendant; and that trial of the case should have been postponed, or the case continued, so as to afford counsel reasonable opportunity to be present at the trial of the case. We think that the trial court exceeded the discretion vested in him in the matter in proceeding with the trial of the case under these conditions.

We need not consider other grounds of the motion to set aside the judgment entered.

For the reason above pointed out, the judgment entered by the trial court is reversed, and the case remanded.—Reversed and remanded.

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.