Cole, Ch. J.
The transcript shows that, on the 10 th day of March, 1869, the defendant filed her demurrer to the plaintiff’s amended and substituted petition; and that, also, on the same day she filed her sworn answer to the same pleading; and that on the 17th day of March the •demurrer was sustained. The demurrer and answer are both in the transcript, hnd each extends to the entire pleading or petition. Under our code of practice “ the defendant may demur to one or more of the several causes of action alleged in the petition, and answer as to the residue.” Rev. § 2879. This clearly implies that he may not do both, to the same cause of action. The filing of the answer is a waiver of the demurrer, or of any error in the ruling thereon. This has been frequently so decided by this court. See cases cited in Dillon’s Dig. p. 650, § 95, and Hammond’s Dig. p. 362, § 29. These rulings generally are based upon the filing of the answer or other pleading subsequent to the ruling upon the demurrer. Rut the principle on which they are grounded applies with equal force to an answer filed with the demurrer. A waiver may as well precede as follow the fact or right waived.
It was and is a well-settled rule in the English chancery practice, that if any part of the matter covered by the demurrer was also covered by a plea or answer, the whole demurrer was waived or overruled by the plea or answer. Jones v. The Earl of Stratford, 3 P. Wms. 81; Jarvis v. Palmer, 11 Paige’s Ch. 650; Clark v. Phelps, 6 Johns. Ch. 214; Spofford v. Manning et al., 6 Paige’s Ch. 383; Livingston v. Stone, 9 Pet. 632. The same rale has been applied with all its force under the code practice. See Munn v. Barnum, 1 Abb. Pr. 281; Pierce v. Minturn, 1 Cal. 170; Slocum v. Wheeler, 1 How. Pr. 373; Bibend v. Kreutz, 20 Cal. 109 ; Hodgson v. Marine Ins. Co., 1 Cranch, C. C. 569; Spellman v. Weider, 5 How. Pr. 5; Bell v. Railroad Co., 1 Wall. (U. S.) 598. The answer *215 to the merits of the whole case being on file, it was error to sustain tbe demurrer. See Estee’s PI. etc., vol. 2, p. 769, et seq.
Reversed.