PINE-ULE MEDICINE COMPANY, APPELLEE, V. YODER & EPLY, APPELLANTS.

FILED MARCH 26, 1912. No. 16,653.

1. **Pleading**: CAPACITY TO SUE: DEMURRER. Where it appears on the face of the petition that the plaintiff has no legal capacity to sue, such defect should be taken advantage of by demurrer, and not by answer.

2. ———: ———: ANSWER: SURPLUSAGE. Where the defect appears upon the face of the petition and the defendant answers to the merits, a statement in his answer that the plaintiff has no legal capacity to sue will be treated as surplusage.

3. **Evidence** examined, and found sufficient to sustain the judgment.

APPEAL from the district court for Gage county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*A. D. McCandless,* for appellants.

*S. D. Killen, contra.*

BARNES, J.

Action for the recovery of money alleged to be due from defendants to plaintiff for certain proprietary medicines sold and delivered to defendants on a written order. It appears that the cause was originally commenced in the county court of Gage county, where the plaintiff had the judgment, and the defendants appealed.

Plaintiff's petition in the district court was entitled "The Pine-Ule Medicine Company, Plaintiff, v. Yoder & Eply, a partnership formed for the purpose of doing business in the state of Nebraska, and not incorporated, consisting of Elva Yoder and ———— Eply (first Christian name unknown), partners, Defendants." Then followed a statement of the plaintiff's cause of action, and there was attached to the petition as an exhibit a written order for the medicines, for sale of which recovery was sought, together with a list of the medicines alleged to have been sold and delivered to the defendants. To this petition the defendants filed an answer in part as follows: First. That the plaintiff has no legal capacity to sue, and therefore cannot maintain this action as shown by the petition. Second. That the allegations of said petition are not sufficient to constitute a cause of action in favor of the plaintiff and against the defendants, or to entitle plaintiff to the relief demanded. Third. Defendants deny each and every allegation in said petition contained. Fourth. A plea to the merits, in which it was alleged that the defendants took the agency from plaintiff for the sale of certain goods, a part of which they sold; that the contract was terminated, and that all goods on hand were delivered to the plaintiff prepaid, and the amount due for the goods sold was remitted to and accepted and retained by plaintiff. The reply was a general denial. Upon a trial to the court without the intervention of a jury, the plaintiff again had the judgment, and the defendants have appealed.

Defendants assign error as follows: Plaintiff has no

legal capacity to sue or maintain the action. Second. The petition does not state facts sufficient to constitute a cause of action. Third. The finding and judgment of the court are contrary to law; the finding and judgment of the court are. contrary to the evidence, and are not supported by any competent evidence.

In disposing of the first assignment of error, it is sufficient to say that want of plaintiff's legal capacity to sue appeared upon the face of the petition. Therefore, the plaintiff should have taken advantage of this defect by demurrer, as provided by the second subdivision of section 94 of the code. Section 96 of the code provides: "When any of the defects enumerated in section 94 do not appear upon the face of the petition, the objection may be taken by answer; and if no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action." It thus appears that, where the defect complained of is apparent upon the face of the petition, it is not to be challenged by answer.

It may be suggested that the first paragraph of the answer is in effect a demurrer; and, if the answer had contained nothing more than that paragraph, it might have been considered as a demurrer; but when the defendants answered over to the merits they waived the objection that the plaintiff did not have the legal capacity to sue. The rule is well settled that by answering to the merits the defendant waives his right to demur to the plaintiff's petition, and that part of his answer, which in form amounts to a demurrer, will be treated as surplusage. *Kyner v. Whittemore,* 90 Neb. 188. It follows that the defendants' first assignment of error must fail.

It is contended that the petition does not state facts sufficient to constitute a cause of action. It is argued that the original contract attached to the plaintiff's petition, and found in the bill of exceptions, is a contract of

agency, and not one of sale. By the terms of that instrument the plaintiff appointed the defendants retail distributing agents for the sale of its medicines, and agreed that the defendants might purchase of the plaintiff the proprietary medicines manufactured by it (naming them) for certain prices therein specified. Certain restrictions were contained in the instrument which bound defendants not to sell plaintiff's medicines to wholesale or retail dealers, not accredited agents of the company, nor to any person, firm or corporation at less than the retail price printed on each package of its remedies. The contract also contained certain other restrictions, and it was provided that, in case of a violation of those provisions, the plaintiff should be entitled to recover $24 as liquidated damages. There followed an order for the purchase of the medicines in question, which was signed by the defendants. It is therefore apparent from the terms of the order itself that the defendants purchased the remedies for which the plaintiff sued to recover the purchase price.

An examination of the record discloses that the plaintiff's testimony was sufficient to sustain the judgment; and, the defendants having offered no evidence, it follows that the judgment complained of was right.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

REESE, C. J., not sitting.