BERTHA M. BLISS, Appellant, v. E. J. WATSON et al., Appellees.

No. 39751.

1200

October 15, 1929.

*Walter G. Samuels* and *G. H. Winans,* for appellant.

*Dutcher, Walker & Ries,* for Dr. Thomas P. Brennan and E. J. Watson, appellees.

*Lewis & Lewis,* for C. E. Bliss and Mrs. Emma Bliss, appellees.

*Frank F. Fuller,* for Grant L. Hayes, appellee.

WAGNER, J.—In this action, the plaintiff seeks to recover damages for alleged unlawful imprisonment in the psychopathic hospital at Iowa City. It is apparent from the pleadings that the proceedings leading up to the detention of which she complains, are claimed to have been instituted and conducted by reason of the provisions of Chapters 197 and 199 of the Code of 1927. It is also apparent from the record that the defendants Bliss are the parents of the plaintiff; that Hayes was the county attorney of Ringgold County at the time in question; that Watson is the physician appointed to examine the plaintiff

and make report; and that Brennan is the superintendent of the psychopathic hospital. It is alleged in plaintiff's petition, in substance, that a conspiracy existed among the defendants for the purpose of unlawfully detaining her in said hospital. The plaintiff's original petition was filed December 15, 1927. All of the defendants except Hayes filed answer January 26, 1928. The attorney who originally commenced the action filed a written withdrawal of his appearance as attorney for the plaintiff, and on April 23, 1928, two of the attorneys now representing the plaintiff entered their appearance for her in said action, and on the same date, filed an amendment to the petition and a trial notice, bringing the action on for trial at the May, 1928, term of the Ringgold County district court. On May 12, 1928, the defendants Hayes, Watson, and Brennan filed answer to the petition as amended, and on the same date, the defendant Brennan filed a motion attacking portions of plaintiff's amendment to the petition. Separate answers were filed by the defendants, Bliss, Watson, Brennan, and Hayes, who were represented by the attorneys appearing for them on this appeal.

A special assignment of said action for trial on May 15, 1928, was made. At the time when the case was assigned for trial, the court directed the clerk to notify the attorneys for the plaintiff as to the time set for the trial, and they were notified accordingly; and they also had additional information from one of the attorneys of the defendants Bliss as to the time set for the trial of the case. It appears that, at that time, the plaintiff resided in Des Moines, and that her mother, in talking to her by phone on the evening of May 13, 1928, told her, in substance, that the case would be for trial on the 15th day of May. Additional jurors had been summoned for the trial of the case. When the case was called for trial on the 15th day of May, neither the plaintiff nor her attorneys appeared, and the court, after fully informing himself, as shown by the record, that the plaintiff and her attorneys had knowledge that the case would be reached for trial at that time, sustained a motion, joined in by all of the defendants, dismissing the action, and rendered judgment against the plaintiff for the costs.

Thereafter, on May 21, 1928, the plaintiff filed her motion to set aside the order of dismissal made on the 15th day of May, and to reinstate the cause, which motion, on June 8th, was over-

ruled. From the action of the court in dismissing the action and rendering judgment against her for costs, and in overruling her motion asking for a reinstatement of the cause, the plaintiff has appealed.

The appellant asserts as error on the part of the court in dismissing her cause of action, that the motion of the appellee Brennan to strike portions of her amendment to the petition  had not been ruled on, and because thereof the cause was not at issue. This contention by the appellant is devoid of merit. The cause was at issue on appellant's petition and the amendment thereto and the answers of the appellees to her petition as amended. Although the appellee Brennan on the same day, and perhaps at the same time, filed both his answer to the petition as amended and his motion attacking portions of appellant's amendment to the petition, the filing of the answer constituted a waiver of the motion. 31 Cyc. 746; *Fisher v. Scholte,* 30 Iowa 221; *Fairmont Creamery Co. v. Darger,* 178 Iowa 732. In the latter case it is aptly stated:

"* * * but our system of pleading does not allow a party to answer on the merits and demur to the petition at the same time."

The same rule is applicable to an answer on the merits and a motion attacking a portion of the amendment to the petition. Thus it is obvious that the cause was at issue on the appellant's petition, as amended, and the answers of the respective defendants.

The appellant asserts that the cause was assigned for trial before the issues were joined. This assertion is not substantiated by the record. The last pleadings of the defendants were filed on May 12, 1928, and the record fails to disclose on what date the court assigned the cause for trial on May 15th. All of the appellees except Hayes had joined issue with the appellant on her original petition long prior to the May, 1928, term of court. The appellant, acting in accordance with the provisions of Section 11438 of the Code, had filed a trial notice with the clerk of the court, bringing the cause on for trial at the May term of said court. The issues were fully joined on May 12th. The

assignment of a case for trial before the issues are fully made up does not constitute error. *Molyneux & Maher v. Julius,* 184 Iowa 816; *Anderson v. Royal Highlanders,* 195 Iowa 1252.

Section 11562 of the Code provides:

"An action may be dismissed, and such dismissal shall be without prejudice to a future action: * * *

"2. By the court, when the plaintiff fails to appear when the case is called for trial."

Since the issues were fully joined and the cause ready for trial, and the case had been regularly assigned for trial to begin on the 15th day of May, 1928, and the appellant and her attorneys did not appear at the time when the case was called for trial, there was no error on the part of the court in sustaining the motion of the appellees, in dismissing appellant's action, and in rendering judgment against her for the costs.

The sole remaining contention of the appellant is that the court erred in overruling her motion asking for a reinstatement of the action. Such a motion is addressed to and rests in the sound discretion of the court. The order of the court in ruling thereon will not be reversed unless it affirmatively appears that there has been abuse of discretion. In 18 Corpus Juris 1209 it is aptly stated:

"A motion to set aside a nonsuit or judgment of dismissal and reinstate the case, being usually considered as in the nature of a motion for reconsideration, is addressed to and rests in the sound discretion of the court before whom the case was heard and by whom it was dismissed or the nonsuit granted, and such discretion will not be controlled unless manifestly abused."

Does the record disclose abuse of discretion in the instant case? We answer in the negative. The appellant in her motion states that, to try this cause, it will be necessary for her to take depositions, but that she did not arrange to take same, as the answer of the defendant Hayes was not filed until May 12, 1928. The substance of the answer of Hayes is a general denial of the averments of the petition as amended. Prior to the filing of his answer, the appellant had taken the legal steps to bring the cause on for trial. It was incumbent upon her to be ready to

prove the averments of her petition, which were merely denied by his answer. Appellant, in her motion, only makes the general assertion that it will be necessary to take depositions, but fails to particularize wherein the necessity arises. There is no averment of any surprise on her part at the allegations of his answer.

The appellant further alleges, in her motion for reinstatement, that one of her attorneys, on the 15th day of May, was engaged at Unionville, Missouri, and that the other was engaged in a cause at Vinton; that said facts were communicated to Lewis, one of the attorneys for the appellees Bliss; and that said attorney consented "that the matter go over, as far as the defendants he represented, and that if, for any reason, said cause did not go over, that he agreed with the said Mr. Winans that he would notify the said Winans on the afternoon of the 14th day of May;" that the attorney heard nothing further from Lewis, and, relying on said statement, the plaintiff did not appear on the 15th day of May. Lewis, the attorney for the appellees Bliss, testified that he informed the appellant's attorney that he had no power to change the date, and that, as far as he was concerned, the case would be tried at the time set for trial; that he would not consent to a continuance. There is no claim by the appellant of any talk with the attorneys representing the remaining appellees. The attorneys representing the appellees Watson and Brennan resided in Johnson County. The appellant did not take the precaution to file a motion for continuance. There was no agreement for a continuance, and no sufficient showing that the attorneys for the appellant were misled. In view of the record, considered in its entirety, there was no abuse of discretion in overruling appellant's motion for a reinstatement of the action.

We find no error on the part of the trial court.—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.