**STATE of Iowa, Appellee,**

v.

**Richard Lee WEGER, Appellant.**

No. 55620.

Supreme Court of Iowa.

Oct. 17, 1973.

Fairall & Fairall, Marshalltown, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Jared O. Bauch, County Atty., for appellee.

Heard before MOORE, C. J., and REES, REYNOLDSON, HARRIS and McCORMICK, JJ.

REYNOLDSON, Justice.

Defendant was charged with operating a motor vehicle while under the influence of an intoxicating beverage in violation of § 321.281, The Code. He appeals his conviction, and we affirm.

Defendant was stopped on the highway by a deputy sheriff (Kriegel) at about 11:20 P.M., October 4, 1971. Kriegel gave defendant a field alcohol intoxication test (fait test) involving expansion of a balloon with alveolar air and a detection of color change in crystals of a prescribed chemical composition.

Kriegel arrested defendant and took him to the Tama, Iowa, police station. Highway Patrolman Martin arrived at the police station "to invoke the implied consent law" and administered a breath test.

Before trial defendant filed a motion to suppress "certain evidence * * * same being the proposed testimony of John J. Wilson and R. E. Weland as respects the results of a chemical breath test allegedly performed on the defendant at the instance of patrolman Jerry Jones on or about October 2, [sic] 1971 * * *." The subsequent factual allegations plainly indicated the motion was aimed at evidence of the test administered by the patrolman. The prayer of the motion stated:

"WHEREFORE, this defendant moves to suppress any evidence obtained as a

result of the so-called, 'breath test' or the chemical analysis of the defendant's breath sample taken on or about October 4, 1971, at approximately 12:00 P.M. midnight or later * * *."

Trial court's ruling following the evidence and arguments included the following:

"The Highway Patrolman who administered the chemical breath test which is the subject of this motion came to the place where defendant was being held to, as he expressed it, 'invoke the implied consent law.'

\* \* \* \* \* \*

"The Court finds that the standard operating procedures used by the Highway Patrolman in this case (which procedures have in recent months been changed) was contrary to the holding of the Iowa Supreme Court, and evidence obtained under such circumstances should be suppressed.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the defendant's motion to suppress any evidence obtained as a result of the chemical analysis of defendant's breath is sustained."

At trial Kriegel, testifying for the State, was examined regarding the field alcohol intoxication test. Trial court overruled defendant's objection that such examination would be improper "in view of the previous rulings of the court."

The sole error claimed by defendant is the above ruling of trial court. The State contends the court rightfully overruled the objection because the field test administered by deputy sheriff Kriegel was not within the scope of the suppression ruling which furnished the sole ground of the objection. The State further asserts the field test was not such a "chemical test" within the meaning of § 321B.3, The Code, 1971, as to require the prior offer of a blood test.

I. Our holding on the inadequacy of the objection makes it unnecessary to reach the State's second contention. In passing, however, we observe the limited record made here does not disclose that the result of this test, although based on a chemical reaction, is accurate enough to be admitted into evidence over valid objection, or furnish a basis for license revocation.

■ II. If the field alcohol intoxication test had been within the periphery of the motion to suppress and the ruling which followed, then defendant's objection referring to the prior adjudication would have been good. Generally, the moving party is confined to the relief asked for in his motion, or specified in the notice of hearing. 60 C.J.S. Motions and Orders § 39b, p. 56. Where there is some difficulty in construing an order, the primary rule is that an order will not ordinarily be construed as going beyond the motion in pursuance of which it is made. 56 Am.Jur.2d, Motions, Rules, and Orders § 29, pp. 24–25; 60 C.J.S. Motions and Orders § 64a, pp. 109–110.

In his motion, defendant continually refers to "a" breath test rather than "breath tests." The factual narrative of events in the motion begins at the Tama police station where defendant " * * * was then at the police station in custody and under arrest." Defendant moved to suppress evidence, " * * * of the so-called, 'breath test' or the chemical analysis of the defendant's breath sample taken * * * at approximately 12:00 p. m. midnight or later * * *." Patrolman Martin testified he saw defendant at the station from 11:45 P.M. to 12:15 A.M. This was after the field test was administered. The motion referred only to a breath test administered by a patrolman. The field test was administered by a deputy sheriff.

■ We are persuaded the motion and subsequent ruling were confined to the later breath test administered at the police station. The ruling on defendant's motion can be read to have the broad sweep

claimed for it only by ignoring the language of the motion and the factual findings of trial court. Defendant's objection, grounded solely on the suppression motion ruling, was properly overruled.

Affirmed.