The judgment of the trial court. is affirmed.

AFFIRMED.

All Justices concur.

Morris C. Hurd of Hurd & Donahue, P. C., Ida Grove, for appellant.

Richard F. Branco of Branco, Boerner & Renegar, Holstein, for appellees.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, HARRIS and ALLBEE, JJ.

**Ernest A. POOLE, Appellant,**

v.

**Arnold PUTENSEN and Roger Swasand, Appellees.**

**No. 61572.**

Supreme Court of Iowa.

Jan. 24, 1979.

UHLENHOPP, Justice.

The question before us is whether the trial court correctly sustained the motions to dismiss and to adjudicate law points of defendants Arnold Putensen and Roger Swasand in this action by plaintiff Ernest A. Poole for wrongful attachments.

In his petition Poole alleged that he was president, manager, and sole stockholder of Crawford Elevator Company, Inc.; that the Elevator experienced financial difficulties and ceased operations, and all its assets were in the hands of its bonding company and the Iowa Commerce Commission which were liquidating the assets in an orderly fashion to pay creditors; that defendants commenced separate actions against the Elevator, and attached real and personal property owned by the Elevator on the allegation that it was about to convert its property into money for the purpose of placing its assets beyond the reach of creditors; that the Elevator never attempted to place its property beyond reach of creditors, and the attachments were wrongful; that the attachments halted the orderly liquidation, caused the Elevator to petition for receivership, brought about spoilage and loss of grain due to lack of protection and security by defendants, and occasioned legal fees and additional interest; that Poole contracted with the Elevator's bondsman to hold it harmless on its bond; that as a result of defendants' acts the bondsman

paid tens of thousands of dollars to creditors; that the bondsman has notified Poole it will look for complete reimbursement; and that defendants acted with malice. Poole prayed for $80,000 actual and $40,000 exemplary damages, and demanded jury trial.

Defendants filed a document entitled "Motion to Dismiss and Answer and Motion to Adjudicate Law Points". The motion to dismiss, designated "Division I" of the document, contained two paragraphs. Paragraph 1 asserted that Poole was not the real party in interest for the reason that in the two actions against the Elevator by Putensen and Swasand, the Elevator counterclaimed for wrongful attachments, the Elevator's receiver was substituted for the Elevator as defendant, and subsequently in the receivership proceedings the equity court ordered the receiver to dismiss the counterclaims without prejudice. Paragraph 2 asserted that Poole's petition did not state a claim on which relief could be granted because Poole had not paid the Elevator's bondsman anything. Defendants therefore moved to dismiss the petition.

The answer of Putensen and Swasand contained two divisions designated "Division II" and "Division III". Division II admitted and denied various allegations of Poole's petition and prayed that the petition be dismissed. Division III affirmatively alleged that Putensen and Swasand commenced their previous actions against the Elevator to recover for grain they sold, obtained writs of attachment, and attached Elevator property; that at the time the Elevator had a shortage of grain and was therefore in the control of the Commerce Commission, the Crawford Elevator Company, Inc. was selling its other elevators, the Elevator at Crawford had issued a great many insufficient funds checks, Poole was negotiating to sell his home and was absent much of the time, and the grain shortage was highly publicized; that in the previous actions of Putensen and Swasand the Elevator counterclaimed for wrongful attachments; that the Elevator was placed in receivership and its receiver was substituted for it in the previous actions; that subse-

quently in the receivership proceedings the equity court ordered the receiver to dismiss the counterclaims without prejudice on finding probable cause for the writs of attachment, frivolousness, no reasonable probability of success, and unfair defense expense to Putensen and Swasand; and that such receivership order is res judicata. Defendants prayed for dismissal of the petition.

Defendants' motion to adjudicate law points was designated "Division IV". In it defendants moved the court to adjudicate the law points raised in divisions I (motion to dismiss) and III (the division of the answer averring res judicata).

Poole filed a reply which is not involved here.

The trial court held a hearing on the motions to dismiss and to adjudicate law points, and entered this order:

> Above motions argued and submitted by above counsel on 12–12–77. The substance of Plaintiff's claim is an allegation of wrongful attachment giving rise to a demand for indemnity. Plaintiff's claim for indemnity will not accrue or become enforceable until Plaintiff's own legal liability to [the Elevator's bondsman] becomes fixed or certain, as in the entry of a judgment or a settlement. See *Vermeer vs. Sneller*, 190 N.W.2d 389 (IOWA 1971). The pleadings show that Plaintiff's claim for indemnity has not accrued. Accordingly, it is Ordered that the Petition is dismissed at Plaintiff's costs. Other matters submitted are moot. Clerk notify counsel.

Poole thereupon appealed to this court.

At the threshold we confront a point of procedure which Poole raises. This is not a case in which the parties by agreement present a problem in their own way notwithstanding the rules of procedure. Poole stands on the rules and insists on their application.

The motion to dismiss was founded on (1) Poole's not being the real party in interest and (2) Poole's failing to state a claim in

view of his not having paid the bondsman anything. The motion to adjudicate by reference asked for a determination of those two points. It also asked (3) for an adjudication on res judicata (raised in division III of answer). The trial court disposed of the motions on ground (2), holding that Poole would have no enforceable claim until his liability to the Elevator's bondsman "becomes fixed or certain".

As Poole argues, the difficulty is that the simultaneously-filed answer supersedes the motion to dismiss. Rule 85(a) of the Rules of Civil Procedure states:

Motions attacking a pleading must be served *before responding to a pleading* or, if no responsive pleading is required by these rules, upon motion made by a party within twenty days after the service of the pleading on such party. (Italics added.)

Rule 104 states in part:

Every defense in law or fact to any pleading must be asserted in the pleading responsive thereto, if one is required, or if none is required, then at the trial, except that: . . .

(b) Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, *filed before answer.* (Italics added.)

■ The trial court could not consider the motion to dismiss; the motion was not filed before answer. *Johnston v. Percy Constr., Inc.,* 258 N.W.2d 366 (Iowa); *Riediger v. Marrland Development Corp.,* 253 N.W.2d 915 (Iowa).

■ The motion to dismiss is the outgrowth of the demurrer. *Bales v. Iowa State Highway Comm'n,* 249 Iowa 57, 86 N.W.2d 244. Like the present motion to dismiss, a demurrer had to be filed "before answer". Code 1939, § 11135. This court held that a demurrer and an answer could not properly be filed in the same pleading. *In re Estate of Ferris,* 234 Iowa 960, 968, 14 N.W.2d 889, 894 ("Our system of pleading does not permit a party to answer on the merits and demur to a pleading at the same time and in the same pleading."); *Morrison*

*v. Carroll Clinic,* 204 Iowa 54, 214 N.W. 705; *Fairmont Creamery Co. v. Darger,* 178 Iowa 732, 160 N.W. 239. The filing of the answer constituted a waiver of the demurrer. *Bliss v. Watson,* 208 Iowa 1199, 1202, 227 N.W. 108, 109 (motion treated as a demurrer: "the filing . of the answer constituted a waiver of the motion"); *Fisher v. Scholte,* 30 Iowa 221, 222 (answer and demurrer filed same day: "The filing of the answer is a waiver of the demurrer, or of any error in the ruling thereon. This has been frequently so decided by this court."); *Schwank v. County of Platte,* 152 Neb. 273, 275, 40 N.W.2d 863, 866 (" 'A demurrer to the petition is not, by the provisions of our code of practice, a proper part of the answer filed in a case, and should be disregarded.' "); *Pine-Ule Medicine Co. v. Yoder & Eply,* 91 Neb. 78, 80, 135 N.W. 383, 384 ("that part of his answer, which in form amounts to a demurrer, will be treated as surplusage"); *Ryndak v. Seawell,* 13 Okl. 737, 76 P. 170 (answer supersedes demurrer).

■ Defendants contend that we should not dispose of the appeal on this procedural point, but we are at a loss to see how we can disregard the plain language of rules 85 and 104 over Poole's objection. The motion to dismiss raised nothing because of the answer. *United States v. Newmont Mining Corp.,* 34 F.R.D. 504 (S.D.N.Y.); 35A C.J.S. Federal Civil Procedure § 369 at 555. For the same reason the motion to adjudicate could not be based on a ground of the motion to dismiss. Besides, motions to adjudicate must rely on law points raised in a "pleading" (rule 105), and a motion is not a pleading (rule 109).

The court should not have sustained defendants' motions on a ground asserted in the superseded motion to dismiss. Defendants do not seek to uphold the ruling on the res judicata ground asserted in the answer, and we therefore give that ground no consideration.

REVERSED.