**WALKER SHOE STORE, INC., Appellee,**

v.

**HOWARD'S HOBBY SHOP, Appellant.**

**No. 67361.**

Supreme Court of Iowa.

Dec. 22, 1982.

James E. Walsh, Jr., and Timothy W. Hamann of Clark, Butler & Walsh, Waterloo, for appellant.

John R. Walker of Beecher, Beecher, Holmes & Rathert, Waterloo, for appellee.

Considered by LeGRAND, P.J., and UHLENHOPP, HARRIS, McGIVERIN and CARTER, JJ.

LeGRAND, Justice.

This is an appeal from summary judgment in favor of plaintiff in the amount of $25,074.45 for damage resulting from a fire which originated on defendant's premises and spread to plaintiff's property. We reverse and remand for trial on the factual issues raised by the pleadings.

Plaintiff owns and operates a shoe store under the name of Walker Shoe Store, Inc. Defendant owns and operates Howard's Hobby Shop. The two properties adjoin each other. Defendant heats his property with oil, which is stored in his basement in two tanks having a total capacity of five-hundred-fifty gallons. A leak developed in one or both of the tanks, allowing oil to escape in the basement of defendant's property. Eventually the oil was ignited from the pilot light of a hot water heater. The ensuing fire caused substantial smoke and

fire damage to plaintiff's property. The trial court sustained plaintiff's motion for summary judgment and fixed the damages at $25,074.45.

The plaintiff's petition was in three counts. The first count alleged negligence; the second was based upon the doctrine of res ipsa loquitor; and the third asserted a claim under "the strict liability doctrine of *Lubin v. City of Iowa City,* [257 Iowa 383, 131 N.W.2d 765 (1964) ]".

The summary judgment ruling was entered on count III of the petition and was based squarely on the rationale of the *Lubin* case. Before reaching the decisive question concerning the applicability of *Lubin,* we discuss several preliminary issues which affect the decision reached by the trial court as well as our own conclusion.

## I.  *Motion to Dismiss.*

Defendant filed an answer to counts I and II and a motion to dismiss count III, all as part of the same instrument. Relying principally on the case of *Poole v. Putensen,* 274 N.W.2d 277, 279 (Iowa 1979), the trial court held that the motion was not timely because it was not filed *before* answer. *See* Iowa R.Civ.P. 85(a).

Defendant argues that *Poole* was a one-count petition and should not control when a petition contains, as it does here, multiple counts, each of which asserts a separate claim. From this he concludes his answer to counts I and II while simultaneously moving to dismiss count III does not violate rule 85(a).

This argument has considerable appeal, but we find nothing in the rule to support it. The petition, although in three counts, is a single pleading under Iowa R.Civ.P. 68. Motions attacking a pleading must be served before "responding to [the] pleading." Defendant did not comply with rule 85(a), and the trial court was correct in denying his motion as untimely.

## II.  *Adjudication of Law Points.*

Defendant's next tactic was to file an application under Iowa Rule of Civil Procedure 105 asking an adjudication of law points concerning count III. His motion asked the court to decide as a matter of law that count III does not state a cause of action under the *Lubin* doctrine. He concedes this was done to present the same issue he had unsuccessfully raised in the motion to dismiss.

The sole function of an application under Rule 105 is to decide issues of law raised by the pleadings. We believe the trial court was right in denying defendant's application. Our reasons for this view are apparent from our discussion in division III.

## III.  *Summary Judgment.*

After the trial court denied defendant's application for a Rule 105 adjudication, the plaintiff filed a motion for summary judgment, which the trial court sustained. We set out the background against which this ruling was made.

Count III of plaintiff's petition alleged that defendant stored large amounts of highly flammable fuel oil in tanks on his property; that the tanks were located close to plaintiff's property; and that some of the fuel oil leaked from the storage tanks and accumulated in the basement of defendant's property, ultimately igniting and causing fire and smoke damage to plaintiff's property. The petition stated that the plaintiff "intends to rely on the theory of strict liability as enunciated in the case of *Lubin v. The City of Iowa City,* [257 Iowa 383, 131 N.W.2d 765 (1964) ]."

By answer, defendant admitted he kept large amounts of highly flammable fuel oil on his property; that some of it leaked from the tanks in which it was confined; that a fire resulted; and that the fire caused damage to plaintiff's property. Defendant denied the *Lubin* doctrine of strict liability was applicable under the facts alleged by plaintiff.

In resisting the motion for summary judgment, defendant filed an affidavit stating among other facts the following: he owns the premises in question; they are heated by fuel oil; he maintains two storage tanks with a total capacity of five-hun-

dred-and-fifty gallons; the tanks were "routinely filled by the oil vendor, sometime during the spring of 1978"; after the fire there remained four-hundred-and-sixty-five gallons of oil in the tanks; oil leaked from one or both of the tanks; and the cause of the fire, according to the fire department's report, was "leaking fuel oil on top of accumulated water ignited by pilot light of water heater"; at the time he purchased the building in 1977, the heating system was inspected by Grange Heating Company and certain repairs were made to it; he had all parts of the heating system checked regularly by qualified people; and he had no knowledge that the tanks were inadequate or unsafe prior to the fire.

Plaintiff filed no counter affidavit, and no evidence was taken at the hearing. The ruling was made on the state of the pleadings and defendant's affidavit. The trial court (Lybbert, J.) relied on the ruling previously made by Judge Engelkes on the Rule 105 application. We believe, however, that Judge Lybbert accorded this ruling far more effect than it should have. Based solely on the pleadings, as such applications are, this ruling was correct. The facts alleged did not establish as a matter of law that plaintiff could not come within the *Lubin* doctrine. That is all Judge Engelkes held.

After defendant's affidavit in resisting the motion for summary judgment, however, the posture of the case was dramatically changed. The trial court then had before it statements concerning the amount of oil, the manner of storing, the purpose for which it was used, the fact that the storage tanks were subject to inspection, and the additional fact that none of the oil escaped from defendant's own premises.

*Lubin* was then clearly distinguishable from the present case. In *Lubin* the plaintiffs sued Iowa City for damages sustained when a city water main broke, flooding their basement and damaging merchandise which was stored there. The water pipe, which had an estimated life of one hundred years, had been in the ground eighty years at the time of the rupture. There was no

evidence of any previous break in that part of the system. There was no possibility of inspecting the pipe, once it was installed, unless it was exposed for other purposes. These are circumstances not present in the case now under consideration.

We believe the decisive holding of *Lubin* is reflected in the following quotation:

It is neither just nor reasonable that the city engaged in a proprietary activity can deliberately and intentionally plan to leave a water main underground *beyond inspection and maintenance* until a break occurs and escape liability. A city or corporation so operating knows that *eventually a break will occur,* water will escape and in all probability flow onto the premises of another with the resulting damage....

The risks from such a method of operation should be borne by the water supplier who is in a position to spread the cost among the consumers who are in fact the true beneficiaries of this practice and of the resulting savings in inspection and maintenance costs.

*When the expected and the inevitable occurs, they should bear the loss and not the unfortunate individual whose property is damaged without fault of his own.*

257 Iowa at 390–91, 131 N.W. at 770 (emphasis added).

The emphasized language highlights the difference in that case and this one. The tanks in which oil was stored in the case now before us were not beyond inspection and repair. They were, indeed, periodically inspected and, if necessary, repaired. Unlike the water in the *Lubin* case, the escape of oil was neither expected nor inevitable; nor was there any reason that a break was certain to occur. Furthermore, the parties here do not occupy the relative positions of the parties in *Lubin,* where we held the loss should be borne by the city partially on the ground it was in a "position to spread the cost among the consumers who are in fact the true beneficiaries of this practice and of the resulting savings in inspections and maintenance costs." 257 Iowa at 391, 131 N.W. at 770. No such equitable consideration is present here.

On appeal from this summary judgment, we view the whole record in the light most favorable to defendant. The burden.is upon the person moving for summary judgment to establish a right thereto. Even if facts are undisputed, summary judgment is not proper if reasonable minds could draw from them different inferences and reach different conclusions. *Enochs v. City of Des Moines,* 314 N.W.2d 378, 379–80 (Iowa 1982).

We have reviewed the case solely as presented to the trial court. In other words, we have considered only the applicability of *Lubin* to the facts upon which the summary judgment ruling was made. We hold plaintiff was not entitled to summary judgment. The case is reversed and remanded for trial on the merits.

REVERSED AND REMANDED.