In re the MARRIAGE OF Janice K. GLADE and Fred H. Glade.

Upon the Petition of Janice K. Baker, f/k/a Janice K. Glade, Appellee,

And Concerning Fred H. Glade, Appellant.

No. 91–1907.

Court of Appeals of Iowa.

May 4, 1993.

Michael J. McCarthy of McCarthy & Lammers, Davenport, for appellant.

Murray W. Bell of Newport, Bell & Oxley, Davenport, for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Fred and Janice Glade were first married in 1969 and divorced in 1982. They remarried in December 1983, and were divorced again in 1989. This case involves the second dissolution.

Fred was employed as a dentist in Davenport, Iowa. His average net monthly income was about $4,200. Janice did not have any income of her own, as she had been employed in businesses owned by Fred. The parties had invested in several business in the Quad–Cities area. They also owned a duplex and a building in downtown Davenport.

The parties entered into a stipulation on November 29, 1989. Under the stipulation Janice received a $20,000 property settlement, the household goods in her possession, and her automobile. The stipulation also provided:

> [Fred] shall pay to [Janice] the sum of $1,113.00 each month for a period of ten years beginning on the date the decree is signed and continuing on or before the monthly anniversary date thereof for each month thereafter until 120 such payments have been made. These payments shall be treated as alimony payments with two special and specific understandings and agreements, however, as follows:
>
> > (a) In the event of the death of [Fred], the obligation to make these payments shall continue as an obligation of [Fred's] estate for the full term of 120 months, unless sooner paid in full.
> >
> > (b) In the event that [Janice] should remarry, the said monthly payments shall, nevertheless, continue until the full 120 consecutive monthly payments have been made as is herein agreed, unless sooner paid in full.

The parties agreed the marital property had a value of $820,127, without regard to mortgages or other debts. Fred was awarded all property not specifically awarded to Janice.

The district court entered a decree of dissolution on November 30, 1989, which incorporated the written stipulation.

Fred filed an application for modification of the decree on September 30, 1991, seeking a termination of his obligation to pay alimony. He stated that Janice had remarried and was now known as Janice K. Baker. He claimed Janice's new husband provided her with a standard of living equal to or greater than the one she enjoyed while they were married.

Janice filed a resistance on October 8, 1991, in which she pointed out that the stipulation had specifically contemplated that she might remarry. She filed a motion to dismiss on October 18, 1991, citing the reasons set forth in her resistance.

The district court dismissed Fred's application on November 12, 1991. The court noted the property settlement of $20,000 to Janice was meager in view of the parties' assets. The court concluded the monthly payments of $1,113 were a combination of alimony and property settlement. Because a property division may not be subsequently modified, the court dismissed Fred's application. Fred appealed.

■ This case was heard in equity. Our scope of review is de novo. Iowa R.App.P. 4.

Fred contends Janice's motion to dismiss was untimely because it was filed after she filed an answer. As noted above, Janice filed a resistance to Fred's application for modification on October 8 and filed her motion to dismiss on October 18, 1991.

Under Iowa Rule of Civil Procedure 85(a):

> Motions attacking a pleading must be served before responding to a pleading or, if no responsive pleading is required by these rules, upon motion made by a party within 20 days after the service of the pleading on such party.

Also, Rule 104(b) provides:

> Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, filed before answer.

The Iowa supreme court has stated that under rule 85(a), a motion to dismiss should be filed before the answer. *Walker Shoe Store, Inc. v. Howard's Hobby Shop*, 327 N.W.2d 725, 726 (Iowa 1982). The court held that where a defendant does not comply with rule 85(a), the motion to dismiss should be denied as untimely. *Id.*

Even where the motion to dismiss and answer were filed at the same time, the supreme court has found the motion to dismiss was untimely. *Poole v. Putensen*, 274 N.W.2d 277, 279 (Iowa 1979). In response to the defendant's argument concerning judicial economy, the court stated it could not ignore the plain language of rules 85 and 104. *Id.*

Additionally, in *Prouty v. Clayton County*, 264 N.W.2d 761, 762 (Iowa 1978),

the district court treated a motion for summary judgment as a motion to dismiss for failure to state a cause of action. The supreme court concluded that assuming the motion was actually a motion to dismiss, the trial court was precluded from ruling on it because it was filed after the answer. *Id.* at 763.

In this case, the district court noted that a motion for summary judgment might have been a better vehicle to use in this case. Under rule 237, a motion for summary judgment should be filed after the pleadings. We thus address the question of whether Janice's motion to dismiss may be treated as a motion for summary judgment.

The supreme court has stated, "Recently we have indicated a willingness to treat a motion to dismiss as a motion for summary judgment in limited situations." *Warford v. Des Moines Metropolitan Transit Authority*, 381 N.W.2d 622, 624 (Iowa 1986). In *Warford* the court determined the motion to dismiss could not be considered a motion for summary judgment. *Id.* The court noted that generally a motion to dismiss cannot be aided by an evidentiary hearing. *Id.* The court also noted plaintiffs had no notice prior to the court's ruling that the court was going to consider evidence outside the pleadings. *Id.*

In *Tigges v. City of Ames*, 356 N.W.2d 503, 510 (Iowa 1984), the court stated that on the issue of subject matter jurisdiction, form must give way to substance, and a motion to dismiss may be treated as a motion for summary judgment.

Also, in *Troester v. Sisters of Mercy Health Corp.*, 328 N.W.2d 308, 310 (Iowa 1982), defendants filed a motion to dismiss after the answer was filed, raising issues of subject matter jurisdiction and capacity to sue. The court concluded that either of these issues may be raised at any time. *Id.* at 311. The court specifically noted that the motion to dismiss was not directed at deficiencies in the pleadings under rule 104. *Id.* The court determined that in this limited situation it would consider the motion to dismiss as a motion for summary judgment. *Id.*

Therefore, in the two cases in which the supreme court has considered a motion to dismiss as a motion for summary judgment, the motion raised the issue of subject matter jurisdiction. Of course, subject matter jurisdiction may be raised at any time, and the issue of the timeliness of the motion would not be as important.

We conclude that under these authorities, where a motion to dismiss alleges failure to state a cause of action, the motion should not be considered one for summary judgment. This is particularly so in view of *Prouty*, where the court concluded a motion for summary judgment which alleged a failure to state a cause of action should be considered an untimely motion to dismiss. *Prouty*, 264 N.W.2d at 763. Therefore, we do not consider Janice's motion to dismiss as a motion for summary judgment.

We determine Janice's motion to dismiss was untimely because it was filed after her answer. The district court should not have considered the motion to dismiss. We make no findings on the merits of this case. Because the motion to dismiss must be denied, Fred's application for modification of the decree is reinstated. We remand to the district court for further proceedings.

Each party should pay his or her own attorney fees for this appeal. Costs are assessed to Janice K. Baker.

**REVERSED AND REMANDED.**

DONIELSON, P.J., concurs.

SACKETT, J., dissents.

SACKETT, Judge (dissenting).

I dissent.

I would affirm.

The decree provided the alimony continue on Janice's remarriage. Fred seeks to reduce her alimony because she had remarried.

The petition was properly dismissed.