# IN THE COURT OF APPEALS OF IOWA

No. 15-0674
Filed April 27, 2016

GRINNELL STATE BANK, SUCCESSOR-IN-INTEREST
TO POLK COUNTY BANK,
    Plaintiff-Appellee,

vs.

CHARLES A. JONES; LAURA JONES, AKA
LAURA J. JONES; AND PARTIES IN POSSESSION,
    Defendants-Appellants.
_____

        Appeal from the Iowa District Court for Dallas County, Martha L. Mertz,

Judge.

        Charles and Laura Jones appeal from the order denying their motion to

dismiss Grinnell State Bank's mortgage-foreclosure action.  **AFFIRMED.**

        James L. Sayre of James L. Sayre, P.C., Clive, for appellant.

        Jonathan E. Kramer of Whitfield & Eddy, P.L.C., Des Moines, for appellee.

        Heard by Vogel, P.J., Doyle, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**DOYLE, Judge.**

Charles and Laura Jones appeal from the order denying their motion to dismiss Grinnell State Bank's mortgage-foreclosure action. The district court rejected the merits of the Joneses' motion and also found the motion untimely. We affirm on the timeliness issue, and accordingly, we need not reach the merits of the substantive claim raised by the Joneses.

### I. Background Facts and Proceedings.

On June 4, 2013, Grinnell State Bank (GSB) filed a petition seeking to foreclose on the Joneses' real estate mortgage pursuant to Iowa Code section 654.20 (2013). The parties agreed to an order granting GSB's motion for summary judgment, and judgment in rem was entered on August 27, 2013. Two days later, GSB moved for an order nunc pro tunc to amend the decree to include judgment in personam, which was granted.

The Joneses moved to set aside the amended order in November 2013, alleging they never agreed to an in personam judgment. The court granted the motion the following month. Then, on January 3, 2014, GSB filed a notice of rescission of the first decree pursuant to Iowa Code section 654.17.

On January 7, 2014, GSB initiated a second foreclosure action on the Joneses' real estate mortgage, this time seeking judgment in rem and in personam. The Joneses filed their answer on February 14, 2014. GSB moved for summary judgment on February 24, 2014, and no resistance was filed by the Joneses. On April 8, 2014, the court entered a decree of foreclosure, and GSB proceeded to a special execution. On April 25, 2014, the Joneses' attorney was

suspended from the practice of law. GSB was the successful bidder at the sale and received a Sheriff's Deed on June 10, 2014.

At some point the Joneses hired new counsel, and on September 19, 2014, the Joneses filed their motion to dismiss the second foreclosure action, asserting the second action was barred by issue preclusion, claim preclusion, res judicata, and/or collateral estoppel. While the district court addressed the merits of their issue-preclusion claim, it also determined their motion to dismiss was untimely and denied it on that basis as well. The Joneses filed a timely notice of appeal.

### II. Scope and Standard of Review.

"Foreclosure proceedings are typically tried in equity," *Freedom Fin. Bank v. Estate of Boesen*, 805 N.W.2d 802, 806 (Iowa 2011), which are reviewed de novo, Iowa R. App. P. 6.907. However, we do not employ a de novo review on appeal from a motion to dismiss. *See Rieff v. Evans*, 630 N.W.2d 278, 284 (Iowa 2001). We review the denial of a motion to dismiss for the correction of errors at law. *Id.*

### III. Analysis.

The Joneses allege the trial court erred in denying their motion to dismiss. Iowa Rule of Civil Procedure 1.441(1) states: "Motions attacking a pleading must be served before responding to the pleading or, if no responsive pleading is required by these rules, within 20 days after the service of the pleading on such party." The Joneses moved to dismiss the petition more than seven months *after* filing their answer. The motion to dismiss—which was filed more than eight months after the petition, seven months after the answer, five months after the

foreclosure decree, and three months after the property was sold at auction—was clearly untimely. *See Walker Shoe Store, Inc. v. Howard's Hobby Shop*, 327 N.W.2d 725, 726 (Iowa 1982) (holding a motion to dismiss filed as part of the same instrument containing a responsive pleading is not timely because the motion was not filed *before* the answer); *Powell v. Khodari-Intergreen Co.*, 303 N.W.2d 171, 175 (Iowa 1981) (declining to consider a "motion to dismiss" argued in the defendants' trial brief and orally raised prior to jury selection).

The Joneses now, for the first time on appeal, allege their untimeliness was excusable because they "were essentially unrepresented" when their prior attorney was suspended from the practice of law "unbeknownst to [them]." They failed to request an extension of time for filing their motion to dismiss and never claimed excusable neglect in the district court. Because they are raising this claim for the first time on appeal, we cannot consider it. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

The district court properly denied the Joneses' motion to dismiss GSB's foreclosure action. We therefore affirm.

**AFFIRMED.**