# IN THE COURT OF APPEALS OF IOWA

No. 17-1964
Filed October 10, 2018


**SERENA KONRARDY and CARRIE RIGDON, n/k/a CARRIE BURMEISTER,**
    Plaintiffs-Appellees,

**vs.**

**VINCENT ANGERER TRUST and DEWITT BANK & TRUST COMPANY, as Trustee of the Vincent Angerer Trust,**
    Defendants-Appellants.
_____


Appeal from the Iowa District Court for Clinton County, Mark R. Lawson, Judge.


The defendants appeal the order denying their motion for summary judgment.  **AFFIRMED.**


Elliott R. McDonald III and Ryan F. Gerdes of McDonald, Woodward & Carlson, P.C., Davenport, for appellants.

Harold J. DeLange II, Davenport, for appellees.


Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

The defendants, the Vincent Angerer Trust and DeWitt Bank & Trust Company, applied for interlocutory appeal of the order denying their motion for summary judgment.[1] The Iowa Supreme Court granted their application and transferred the case to this court. Having considered the claims before us, we affirm.

**I. Background Facts and Proceedings.**

Vincent Angerer established the Vincent Angerer Trust in 1998. The trust document provides that upon Angerer's death, the trustee divide the estate into equal shares for each of Angerer's five siblings. Each share would constitute a separate trust to provide for the siblings and their surviving spouses during their lifetime. When both a sibling and the sibling's spouse died, the trust document provides that the trustee distribute that trust share to the living descendants of that sibling.

Angerer died in May 2010. Because one of Angerer's siblings and her spouse had predeceased Angerer, their shares of the trust were immediately distributable to their descendants—Serena Konrardy and Carrie Burmeister. Although the trustee did not pay their distribution until October 2011, it determined their shares based on the net value of the trust assets at the time of Angerer's death, which was $1,751,260.98.

---

[1] The parties captioned their appellate filings: Vincent Angerer Trust and Dewitt Bank & Trust Company, as trustee, Appellants vs. Serena Konrardy and Carrie Rigdon, Appellees. "The appeal shall be captioned under the title given to the action in the district court, with the parties identified as appellant and appellee." Iowa R. App. P. 6.109(2) (2017). The caption of this opinion follows the district court caption.

The trust assets increased in value after Angerer's death. Because the trustee re-valued the trust assets when another of Angerer's siblings died in 2013, the descendants of that sibling received a greater distribution than that received by Konrardy and Burmeister.

In March 2017, Konrardy and Burmeister filed this action against the Vincent Angerer Trust and DeWitt Bank & Trust Company as its trustee. They asked the court to order the trustee to determine their shares based on the trust's value at the date of distribution rather than at the date of Angerer's death.

The defendants moved for summary judgment, arguing in part the action was untimely and the language of the trust requires the distribution to Konrardy and Burmeister be based on the value of the assets at the date of Angerer's death. The district court denied defendants' motion, finding a genuine issue of material fact existed concerning whether the action is time barred. It also determined the trust's language does not, as a matter of law, require distributions to Konrardy and Burmeister be made based on the date of Angerer's death values.

**II. Scope and Standard of Review.**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). To prevail on a motion for summary judgment, the moving party must show the material facts are undisputed and, applying the law to those facts, the moving party is entitled to judgment as a matter of law. *See id.*; *Nelson v. Lindaman*, 867 N.W.2d 1, 6 (Iowa 2015).

We review an order granting summary judgment for correction of errors at law. *See Barker v. Capotosto*, 875 N.W.2d 157, 161 (Iowa 2016). Our review is limited to two questions: (1) whether there is a genuine dispute regarding the existence of a material fact and (2) whether the district court correctly applied the law to the undisputed facts. *See Homan v. Branstad*, 887 N.W.2d 153, 164 (Iowa 2016). A material fact is one that may affect the outcome of the action, and a dispute over the existence of a fact is genuine if reasonable minds can differ as to how the factual question should be resolved. *See id.* "Even if facts are undisputed, summary judgment is not proper if reasonable minds could draw from them different inferences and reach different conclusions." *Walker Shoe Store v. Howard's Hobby S*hop, 327 N.W.2d 725, 728 (Iowa 1982).

In determining whether summary judgment should have been granted, we view the facts in the light most favorable to the nonmoving party. *See Nelson*, 867 N.W.2d at 6. We likewise draw all legitimate inferences supported by the record in favor of the nonmoving party. *See id.*

**III. Discussion.**

The defendants contend the trial court erred in denying their motion for summary judgment. They advance two arguments on appeal. First, they argue the action is untimely. Second, they argue the plaintiffs' claim fails on the merits because the language of the trust "clearly and unambiguously" requires distribution of the assets to Konrardy and Burmeister be based on the date of Angerer's death rather than at the time of distribution.

### A. Statute of Limitations.

The defendants argue the plaintiffs' action is untimely under Iowa Code section 633A.4504 (2017), which applies only to breach-of-trust claims.[2] It requires "a beneficiary who has received an accounting . . . or other report that adequately discloses the existence of the claim" to file the claim within one year after receipt of the accounting or report. Iowa Code § 633A.4504(1). A claim is adequately disclosed under this section if the accounting or report provides "sufficient information so that the beneficiary knows of the claim or reasonably should have inquired into its existence." *Id.* For a beneficiary who is an adult and reasonably capable of understanding the accounting or report, the accounting or report is deemed to have been received when "it is received by the adult personally." *Id.* § 633A.4504(2)(a). Therefore, if the trust provided Konrardy and Burmeister an accounting or report that disclosed or would have led to the

---

[2] The plaintiffs dispute that they raised a breach-of-trust claim and, therefore, section 633A.4504 is inapplicable. Instead, the plaintiffs argue their action seeks judicial intervention in the trust's administration. *See id.* § 633A.6202(1) (stating a trust beneficiary may petition the court concerning the internal affairs of the trust). Although the administration of a trust generally proceeds free of judicial intervention, *see id.* § 633A.6201, interested parties may invoke the court's jurisdiction to intervene in the trust's administration in order to construe the terms of a trust and to instruct the trustee, *see id.* § 633A.6202(2)(a), (f). Here, the plaintiffs asked the court to construe the trust provisions to value the trust assets at the time of distribution rather than the time of Angerer's death and to instruct the trustee to distribute their share accordingly.

A breach of trust occurs when a trustee violates a duty owed to a beneficiary. *See id.* § 633A.4501(1). One of these duties is to administer the trust according to its terms. *See id.* § 633A.4201(1); *Turner v. Iowa State Bank & Tr. Co.*, 743 N.W.2d 1, 5 (Iowa 2007); *see also* Iowa Code § 633A.6301(1) (defining a fiduciary matter for sections 633A.6301-.6307 to include the internal matters of a trust as defined in section 633A.6202(2)). Among the remedies a beneficiary may request of a court in a breach of trust is to compel the trustee to perform duties and redress the breach by payment. *See* Iowa Code § 633A.4502.(1)(a), (c).

The district court found section 633A.4504 applies to the action because "[b]y arguing the trustee favored one class of beneficiaries over another by its determination of a valuation date, the beneficiaries are necessarily arguing the trustee breached a duty." We find no error.

discovery of a breach-of-trust claim more than a year before they filed their petition in March 2017, any breach-of-trust claim is barred.

The district court found there was a factual dispute as to whether the trust provided Konrardy and Burmeister with an accounting or report that adequately disclosed the existence of the claim. Specifically, the court questioned whether the plaintiffs knew or reasonably should have inquired into the existence of a breach-of-trust claim based on the reports they received from the trust:

> The 2010 and 2011 reports did not inform the plaintiffs that the value of the farmland in the Angerer trust was appreciating in value, or how that appreciation would be allocated vis-à-vis the beneficiaries. While annual reports were filed showing the *income* paid to the various beneficiaries, the reports do not reflect that the farmland was appreciating in value. The 2010 annual report indicates the real estate values are date-of-death values. The 2011 report does not even report the value of the substantial land holdings. There is no notation the farmland has increased in value.

The court also found the trust accounting provided to the plaintiffs at the time of distribution did not show the appreciation in the farmland's value.

The defendants counter that the plaintiffs knew of the existence of a claim no later than September 2015 based on correspondence sent by their attorney in August and September 2015, alleging the trustee treated Konrardy and Burmeister differently than other beneficiaries and failed to advise them of the potential value of the real estate involved. Because the plaintiffs initiated this action in March 2017, over one year later, the defendants claim it is untimely.

In rejecting the defendants' argument, the district court found the defendants never provided the plaintiffs with an accounting or report that adequately informed them of the existence of a breach-of-contract claim. In other words, even assuming the plaintiffs reasonably knew of the existence of a claim in

September 2015, this knowledge was not the result of an accounting or qualifying report they received from the defendants. Because the defendants have not made a sufficient showing that the plaintiffs reasonably should have known of the existence of the claim based on an accounting or report they provided to the plaintiffs, we affirm the order denying summary judgment on statute-of-limitation grounds.

**B. Merits.**

In the alternative, the defendants contend they are entitled to summary judgment on the merits. They argue the trust language "clearly and unambiguously" requires distribution of the assets based on the date of Angerer's death rather than at the time of distribution. In support of their argument, the defendants cite the following provision of the trust:

> 4. INCOME AND PRINCIPAL UPON GRANTOR'S DEATH. *Upon the Grantor's death*, the Trustee shall hold, manage, invest and reinvest the Trust Estate, including any property added thereto by the Grantor's Last Will and Testament, and shall distribute the net income and principal, as follows:
>
> . . . .
>
> (b) The Trustee shall divide the remainder of the Trust Estate, *as then constituted*, including any property added thereto by the Grantor's Last Will and Testament, and any additions thereto and accumulated or undistributed income thereon, as follows:
>
> (i) The Trustee shall divide the Trust Estate into separate shares, equal in value, one (1) such share for the benefit of each of the Grantor's then surviving siblings, and if a sibling has predeceased with a spouse surviving, then one (1) such share for the deceased sibling's spouse, and one (1) such share for the descendants, collectively, or any deceased sibling of the Grantor who has no spouse surviving. The Trustee shall distribute . . . each share set aside for the descendants of a deceased sibling of the Grantor who has no spouse surviving, to such descendants, per stirpes.

(Emphasis added.) The defendants read the requirement that the trustee divide the reminder of the estate "as then constituted" to relate back to the phrase "upon the Grantor's death" in the first sentence of paragraph 4. In other words, they read the trust to require the trustee to divide the estate as it was comprised at the time of the grantor's death.

The district court rejected the defendants' interpretation as the only possible interpretation of the trust. It noted that the trust also requires the trustee to "hold, manage, invest and reinvest" the trust estate. The trust then requires the trustee to divide the remainder as then constituted, including any property added by the grantor's will "and any additions thereto accumulated or undistributed income thereon." The court interpreted the reference to "any additions thereto" as coming from holding, managing, and investing the property, and it determined the phrase "would arguably include an increase in the value of the property between death and distribution." It determined:

> A reasonable reading of the phrase "upon the Grantor's death" would be that it merely defines when the trustee's duties begin. The trust document is silent as to the date on which assets are to valued. The trust does not state that assets shall be distributed at date-of-death values, nor does it state that they should be distributed at date-of-distribution values. At best, the trust is ambiguous on this point although, as noted above, the trust settlor appears to have contemplated "additions" by "holding, managing, investing and reinvesting."

We agree that the defendants failed to show that their interpretation of the trust document is correct as a matter of law. Accordingly, we affirm the order denying summary judgment in favor of the defendants.

**AFFIRMED.**